[No. 20376.  In Bank. — March 21, 1888.]

THE PEOPLE, RESPONDENT, v. JOHN H. SNYDER, APPELLANT.

75  323
114  556
75  323
f129  121
75  323
146  304

RAPE — INFORMATION — FORCE AND VIOLENCE — EVIDENCE OF FRAUD OR ARTIFICE. — Under an information for rape, which alleged that the defendant committed the offense "by force and violence," and against the will of the prosecutrix, and did "feloniously ravish" her, evidence is admissible that the offense was committed by means of an intoxicating or narcotic substance, administered to her by the defendant.

ID. — EVIDENCE OF COMPLAINT BY PROSECUTRIX. — In a prosecution for rape, evidence is admissible that the prosecutrix made complaint of the injury while it was recent.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*John D. Whaley*, for Appellant.

*Attorney-General Johnson*, for Respondent.

McFARLAND, J.— The information charges the appellant with the crime of rape, and the jury found him guilty. The charging language of the information, after proper averments of time, place, etc., is that the defendant, "with force and arms in and upon one Louisa Bell, a female over the age of ten years, who was not then and there the wife of the said John H. Snyder, violently and feloniously did make an assault, and her, the said Louisa Bell, then and there, to wit, on the day and year last aforesaid, feloniously did ravish and carnally know and accomplish with her an act of sexual intercourse by force, violence, and against her will and resistance, contrary to the form," etc. And the main contention of appellant is that there was a fatal variance between the information and the proofs.

This contention is, that while the information charges

the crime to have been committed by force, violence, etc., the proof shows that it was committed (if at all) by means of an intoxicating or narcotic substance, administered to the prosecuting witness by the accused; and that under section 261 of the Penal Code, an information charging the crime to have been committed by force cannot be supported by proof showing it to have been committed by fraud or artifice.

The common-law definition of rape was "the carnal knowledge of a woman forcibly and against her will." (4 Bla. Com. 210.) And the indictment was substantially in the form of the information in the case at bar. And through decisions made from time to time, it gradually came to be the settled law (although there are cases to the contrary) that under such an indictment it was competent and sufficient to prove that the act charged was committed upon a child of tender years incapable of consent; upon a lunatic or insane woman; by intimidation; when the woman was unconscious of the nature of the act; by the administration of intoxicating or narcotic substances; by false personation of a husband, etc. The criminal law of this state followed the common-law definition of the crime down to the adoption of the codes. (Hittell's Gen. Laws, sec. 1449.)

Section 261 of the Penal Code commences as follows:—

"Rape is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, under either of the following circumstances." Then follow six subdivisions, which recite substantially the things which (as above briefly indicated), could be proven under the general common-law indictment. And the position taken by appellant really is that the indictment and the proof must follow and be confined to one of the six subdivisions of the section.

We think the true construction of section 261 to be that thereby the legislature meant merely to put beyond doubt the rule that on an information for rape the

things mentioned in the subdivisions could be proven, and would establish the crime. It is not intended to alter or establish a rule of pleading; or to create six different kinds of crime. Now, as before the adoption of the code, under an indictment similar to the information in this case, any of the matters mentioned in section 261 may be proved. They are included in the words "by force and violence, and against her will," and "did feloniously ravish," as fully now as they were then.

2. The court properly allowed evidence of the fact that the injured party made complaint of the injury while it was recent, and the point that evidence should not have been admitted showing that she named the defendant in her complaint has no basis in the record.

3. We cannot say that the evidence did not warrant the verdict.

There are no other points which require special notice.

Judgment and order denying new trial affirmed.

PATERSON, J., McKINSTRY, J., SHARPSTEIN, J., SEARLS, C. J., TEMPLE, J., and THORNTON, J., concurred.