[Crim. No. 372.   First Appellate District.—June 20, 1912.]

## THE PEOPLE, Respondent, v. H. MARUYAMA, Appellant.

CRIMINAL LAW—RAPE—CHARGE OF CRIME IN TWO COUNTS—MINGLING OF AGE OF NONCONSENT AND FORCE—EXCLUSIVE CHARGE OF FORCE—EFFECT OF VERDICT.—Where an information for rape charges the crime in two counts, in the first of which it is charged both that the female was under the age of consent, and also that it was committed by means of force and violence, and against her will and consent, and a second count, without mention of age, solely charges that, in the same transaction upon which the first count was founded, the defendant committed the rape charged by means of force and violence, and against the will and consent of the prosecutrix, and the verdict of guilty was based upon the first count, it does not operate as an acquittal upon the second count, notwithstanding the claim of defendant that the age of nonconsent was not sufficiently proved.

ID.—CLAIM OF INSUFFICIENT PROOF OF AGE OF NONCONSENT ADDRESSED TO WEIGHT OF EVIDENCE AND CREDIBILITY OF WITNESS.—The claim of defendant's counsel that there was insufficient proof that the prosecutrix was under the age of consent when the crime was committed is but an argument directed against the weight of the evidence and the credibility of the witnesses, there being some evidence, however weak, which tended to show that the female was under the age of sixteen years at the time of the assault.   The weight of evidence and credibility of the witnesses is ordinarily, after the verdict has been rendered, solely for determination by the trial judge in passing upon a motion for new trial.

ID.—PROPER UNION OF AVERMENTS IN FIRST COUNT.—The allegation that the crime was committed with a female under the age of consent was not inconsistent with the allegation that it was committed by force and violence and against the will and consent of the prosecutrix.   Both allegations were properly united in the first count of the information, and therefore the second count was a needless repetition, which might well have been omitted altogether.

ID.—SUFFICIENCY OF PROOF UNDER FIRST COUNT—NONLIMITATION TO PROOF OF AGE OF NONCONSENT.—Under the facts alleged in the first count of the information, the prosecution was not limited merely to proof of the age of the prosecutrix; but the evidence under the whole case, which tended to show that the crime was committed by force and violence, as alleged in the first count as well as the second, may be considered in support of the verdict, which is amply sufficient to support it, irrespective of the age of the prosecutrix.

ID.—IDENTIFICATION OF LETTER TO DEFENDANT NOT PREJUDICIAL.—The district attorney was within his rights in seeking to have a letter identified which defendant had received from the father of the complaining witness a few days before the trial, and to have it marked for identification for future use, if necessary. Where it was not introduced in evidence, its identification could not have prejudiced the defendant.

ID.—EVIDENCE—EXHIBITION TO JURY OF TORN UNDERGARMENTS WORN AT TIME OF ASSAULT—ABSENCE OF PREJUDICE.—Where the prosecuting witness was permitted, without objection, to identify the undergarments worn by her at the time of the assault, and to state the manner in which they were torn from her body by defendant, and they were produced in court in the same condition as they were immediately after the crime was committed, which would have been a sufficient foundation for allowing them in evidence, the fact that they were exhibited to the jury over defendant's objection, without formally offering them in evidence, worked no injury to the defendant.

ID.—MOTION FOR NEW TRIAL—NEW EVIDENCE AS TO AGE OF PROSECUTRIX—INSUFFICIENT SHOWING—IMMATERIAL EVIDENCE.—A motion for a new trial based on the ground of newly discovered evidence that the prosecutrix was beyond the age of nonconsent, which is cumulative, and without any showing that with reasonable or any diligence it could not have been produced at the trial, cannot justify a new trial, especially as the age of the defendant is wholly immaterial, in view of the fact that the verdict is sufficiently based upon the allegation and proof of force and violence used against the prosecutrix.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

David E. Clark, for Appellant.

U. S. Webb, Attorney General, and John H. Riordan, Deputy Attorney General, for Respondent.

LENNON, P. J.—The defendant was convicted of the crime of rape. He has appealed from the judgment of final conviction and from the order denying him a new trial.

The information charges the crime in two counts. While the first count proceeds in part upon the theory that the de-

fendant committed an act of sexual intercourse with a female child under the age of sixteen years and not the wife of the defendant, it also charges that the defendant willfully, feloniously and unlawfully made an assault upon the said female, and by means of force and violence accomplished with her an act of sexual intercourse against her will and consent.

The second count makes no mention of the age of the female; but it specifically states that the crime charged therein arises out of the same transaction upon which the first count is founded, and then proceeds to charge the crime solely upon the theory that it was committed by the defendant by means of force and violence and against the will and consent of the prosecutrix.

The jury found the defendant guilty as charged in the first count of the information.

It seems to be the contention of the defendant that because the first count of the information, under which the defendant was found guilty, specifically sets forth the age of the female, only the evidence offered and received in proof of her age can be considered in support of the verdict; and that inasmuch as the testimony adduced at the trial upon the subject of the age of the prosecutrix was, as the defendant claims, doubtful and contradictory, the verdict must be set aside.

The contention of counsel for defendant that the evidence offered to prove the age of the prosecutrix was so weak and unsatisfactory as to be insufficient to support a verdict grounded solely upon the theory that the crime was committed upon a female under the age of consent is but an argument directed against the weight of the evidence and the credibility of the witnesses. There was some evidence, however weak and unsatisfactory it may have been, which tended to show that the female assaulted was under the age of sixteen years at the time of the assault; and the weight of the evidence and the credibility of the witnesses ordinarily are questions, once the verdict of the jury has been rendered, solely for determination by the trial judge in passing upon a motion for a new trial.

If the first count of the information had merely charged the crime to have been committed upon a female under the age of sixteen years, there would have been much force in the claim of counsel that, by the verdict of the jury, the de-

fendant was acquitted of the charge contained in the second count. The first count of the information, however, did not confine itself to charging an act committed with a female under the age of consent, but set forth the accompaniment of force and violence and lack of actual consent. It includes and charges much more than the mere fact that the defendant accomplished an act of sexual intercourse with a female child under the age of consent. It charges also that he, by means of force and violence, did carnally know and ravish one Masaye Ita, and accomplish with her an act of sexual intercourse against her will and by force. The allegation that the crime was committed with a female under the age of consent was not inconsistent with the allegation that it was committed by force and violence and against the will and consent of the prosecutrix. Both allegations were properly united in the first count of the information, and therefore the second count was a needless repetition which might well have been omitted altogether. Under the facts alleged in the first count of the information the prosecution was not limited merely to proof of the age of the prosecutrix. The jury having found the defendant guilty under a count in the information which in itself completely charged the crime under subdivisions 1 and 3 of section 261 of the Penal Code, the evidence offered upon the whole case which tended to show that the crime was committed by force and violence may be considered in support of the verdict. (*People* v. *Snyder,* 75 Cal. 323, [17 Pac. 208] ; *People* v. *Vann,* 129 Cal. 118, [61 Pac. 776] ; *People* v. *Jailles,* 146 Cal. 301, [79 Pac. 965].) Inasmuch as the evidence offered and received upon the whole case is amply sufficient, irrespective of the age of the prosecutrix, to show that the crime was committed by force and violence and without the consent of the prosecutrix, it cannot be said that the verdict of the jury was founded solely upon the evidence adduced as to her age or that it is not supported by the evidence adduced upon the whole case.

There is no merit in the point that the trial court erred in permitting a witness for the prosecution, over the objection of the defendant, to identify a letter which he had received from the father of the complaining witness a few days prior to the commencement of the trial. In response to the objection of the defendant the district attorney stated that it was not his

purpose to introduce the letter in evidence at that time, and that his only purpose was to identify it and have it marked for identification for future use as evidence, if necessary. The district attorney was clearly within his rights in seeking to have the letter identified; and he was not compelled to offer it in evidence immediately upon its identification or at any other stage of the case. Inasmuch as the letter was never thereafter introduced in evidence, we cannot conceive how the mere fact of its identification could have possibly prejudiced the defendant.

It is contended that the district attorney was permitted, over the objection of the defendant, to exhibit to the jury the undergarments worn by the complaining witness at the time of the assault, without first offering the same in evidence. In that behalf, the record, at the pages cited to us, shows merely that during the direct examination of the complaining witness she was permitted, without objection, to identify the undergarments worn by her at the time of the assault, and then to testify, also without objection, as to the manner in which they were torn from her body by the defendant. True, the district attorney did not formally offer the garments in evidence; but inasmuch as it was shown that they were worn by the prosecutrix at the time of the assault; that they were torn by the defendant in making the assault; that they were afterward produced in court in the same condition as they were immediately after the crime was committed—which would have been a sufficient foundation for allowing them in evidence—the fact that they were not formally offered or received in evidence worked no injury to the defendant. (*People* v. *Amaya,* 134 Cal. 531, [66 Pac. 794].)

Newly discovered evidence was one of the grounds of the defendant's motion for a new trial. The only showing made in that behalf was the filing of the affidavits of two Japanese, to the effect that each of the affiants knew the prosecutrix before she came to the United States, and knew her age, and that she was then, on November 24, 1911, of the age of seventeen years and six months.

This showing was wholly insufficient to warrant or justify the trial court in granting a new trial. Presumably the verdict of the jury was founded, in part at least, upon evidence that the assault was committed with force and violence and

against the will of the prosecutrix. In this view of the verdict it is readily apparent that the age of the prosecutrix was of no consequence upon the hearing of the motion for a new trial. Testimony as to her age was not material in the face of the verdict, which was sufficiently supported by the proof of violence. Moreover, the alleged newly discovered evidence was at best cumulative, and would not in any event have been sufficient in and of itself, even if uncontradicted to justify an acquittal of the defendant in the face of the evidence bearing upon other ingredients of the crime.

In addition to all of this, there was absolutely no showing made that with reasonable or any diligence the testimony contained in the affidavits could not have been produced at the trial.

The judgment and order appealed from are affirmed.

Hall, J., and Kerrigan, J., concurred.