[Crim. No. 586.  Second Appellate District.—April 29, 1918.]

THE PEOPLE, Respondent, v. CHARLES H. WARRINER, Appellant.

CRIMINAL LAW—INFORMATION—DOUBLE CHARGE—LACK OF PREJUDICE—SAME CLASS OF CRIMES.—In view of section 954 of the Penal Code, which provides that an indictment or information may charge two or more different offenses connected together in their commission, or two or more different offenses of the same class of crimes or offenses, under separate counts, an information charging the defendant under two counts with having committed the crime of rape, and with having committed lewd and lascivious acts, such as are described by section 288 of the Penal Code, is without prejudice, where both crimes were alleged to have been committed on the same day and with the same female child, and the defendant found guiltless of the second offense charged.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.  T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

E. L. Johnson, and E. M. Parker, for Appellant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Respondent.

JAMES, J.—By the information of the district attorney filed in this case the defendant was charged under two counts,—first, with having committed the crime of rape, and, second, with having committed lewd and lascivious acts, such as are described by section 288 of the Penal Code. Both crimes were alleged to have been committed on the same day and with the same female child, who is alleged to have been

of the age of thirteen years. The jury returned a verdict finding the defendant guilty of the crime of rape and not guilty on the second count of the information. Defendant appeals from the judgment of imprisonment entered and from an order denying his motion for a new trial.

Preliminarily it may be stated that there was submitted to the jury ample evidence to justify the verdict of guilty as returned. The only point urged on this appeal is one which goes to the form of pleading in the information. Section 288 makes it a felony for a person to commit lewd and lascivious acts with a child. There was a demurrer to the information. Appellant contends that it is not allowable to charge two offenses in the same information, both of which refer to the same acts alleged to have been committed by a defendant, where it appears that the defendant could not be guilty of both offenses. He argues that the charge is inconsistent in this case, because had the defendant been guilty as alleged in the second count of the information, he could not have been guilty of the crime of rape, and *vice versa.* Section 954 of the Penal Code provides that an indictment or information may charge two or more different offenses connected together in their commission, ''or two or more different offenses of the same class of crimes or offenses, under separate counts.'' To our minds, it is clear that the two offenses charged by the information in this case were of the same class. On the face of the information it could not be told whether the acts relied upon to show that the crime of rape had been committed were the same as those relied upon to sustain the charge contained in the second count. Both crimes might have been committed on the same day and with the same person. The demurrer was properly overruled. Had the jury found the defendant guilty on both counts of the information and had the evidence shown that the crime of rape had been committed and no other evidence been offered against the defendant, the judgment might with more plausibility be attacked. However, the jury affirmatively held the defendant guiltless of the second offense charged, and we can see that he has suffered no prejudice by reason of the double charge made in the information. The crime of rape was charged in language sufficient to satify the requirement of the statute.

The judgment and order are affirmed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.