[Crim. No. 3317. In Bank.—October 16, 1930.]

THE PEOPLE, Respondent, v. FERNANDO PAINETTI et al., Appellants.

Jesse R. Shafer for Appellants.

U. S. Webb, Attorney-General, and James S. Howie and Lionel B. Browne, Deputies Attorney-General, for Respondent.

THE COURT.—The defendants herein were charged with and convicted of a felony, consisting in the violation of an act of the legislature adopted in 1927 (Stats. 1927, chap. 277, p. 497), which provides that "Any person, whether acting in his own behalf or as the agent, servant, officer or employee of any person, firm, association or corporation, who shall be the owner of or have any interest in or who shall operate or cause to be operated or knowingly have in his possession or control, any still, still worm, still cap, still condenser, or stilling device of any kind, designed, used or intended for use in the manufacture or production of intoxicating liquor for beverage purposes, shall be guilty of a felony."

When the cause was called for trial the defendants entered, among other pleas, a plea of "once in jeopardy." In attempted support of this plea, it was shown upon the trial that these two defendants had previously been charged with and convicted of one or more misdemeanors, consisting of (1) the unlawful possession of intoxicating liquor and (2) the unlawful manufacture of intoxicating liquor. It

further appeared upon the trial of the felony charge that the acts of unlawful possession of intoxicating liquor and unlawful manufacture of intoxicating liquor were committed at the same time and place as that designated in the information and shown upon the trial of the felony charge as being the time and place when said felony, consisting in the ownership and illegal operation of a still, was charged with having been committed. The trial court upon such trial directed the jury to find against the defendants upon their pleas of prior conviction and former jeopardy.

It is now contended by defendants that the trial court was in error in so doing. We are of the opinion that the trial court was entirely correct in so doing, since the alleged misdemeanors of which the defendants had theretofore been convicted, consisting as they did merely in the "unlawful possession" of intoxicating liquor and in the "unlawful manufacture" of intoxicating liquor, were separate and distinct offenses from that greater offense provided for in the "Still Act" of 1927, which makes the ownership or possession of a still intended for use in the manufacture and production of intoxicating liquor for beverage purposes a felony.

The cases of *People* v. *Brannon*, 70 Cal. App. 225 [233 Pac. 88], and *People* v. *Clemett*, 208 Cal. 142 [280 Pac. 681], relied upon by defendants, have no application to the instant situation. In the latter case particularly, both trials were conducted under the provisions of the "Still Act" and this court properly held that the possession and control of a still and the operation of the same still upon the same date constituted but a single offense. This case is not parallel to the case at bar, wherein the defendants were charged in the municipal court with a mere misdemeanor, consisting of the unlawful possession and manufacture of intoxicating liquor, which are offenses under the Wright Act (Stats. 1921, p. 79), having no necessary connection with the ownership, possession or operation of a still as distinguished from the felony or felonies provided for in the "Still Act," which makes the ownership, possession and operation of a still a felony.

The judgment and order appealed from herein should be and are affirmed.

Preston, J., dissented.