[Crim. No. 2519.   Second Appellate District, Division One.—August 20, 1934.]

THE PEOPLE, Respondent, v. SAM BRUNO, Appellant.

Nathan O. Freedman and A. William Christlieb for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

YORK, J.—Defendant was charged by information with the two crimes of robbery and one charge of kidnaping for

the purpose of robbery and was tried by the court sitting without a jury, a jury trial having been waived. The court found defendant guilty as charged in the information, and found the crimes, as charged in counts 1 and 2 thereof, each to be robbery in the first degree, count 3 being a charge of the crime of kidnaping for the purpose of robbery, as denounced by section 209 of the Penal Code.

As stated by appellant in his opening brief, the questions involved in this appeal are as follows:

"1. What showing of diligence must be made by the prosecution in a criminal cause before the depositions of absent witnesses may be read into the trial record?

"2. Can a defendant be convicted of kidnaping for the purpose of robbery where such kidnaping is merely incidental to the robbery?

"3. Did the trial court err in announcing its decision of guilty as charged before permitting defendant's counsel to argue the case?"

As to the third question raised, the court did not announce its decision of guilty until after counsel for defendant had announced that he had completed his argument as to facts. Evidently the defendant wanted to argue a question of law thereafter to the court. This he was permitted to do. There is no merit in the third point raised by appellant.

As to appellant's second point, section 209 of the Penal Code, as amended in 1933, clearly denounces as kidnaping the acts committed by defendant, as shown by the evidence in this case, to wit: seizing the two victims and carrying them both away against their will, with intent and for the purpose of committing robbery. These acts, as shown by the evidence here, while connected with the robbery, were of such different nature that they constitute an offense which the law regards as a crime distinctly separate from robbery, and visits upon it other and more severe incidents of punishment. Moreover, proof of the crime of kidnaping calls for other evidence than the evidence necessary to prove robbery (*People* v. *Painetti*, 210 Cal. 476 [292 Pac. 965]; *People* v. *Clensey*, 97 Cal. App. 71 [274 Pac. 1018]; *People* v. *Pickens*, 61 Cal. App. 405 [214 Pac. 1027]); and the evidence necessary to prove the robbery was not identically the same as that necessary to prove the kidnap-

ing. Therefore, we hold there is nothing in the second point raised by appellant.

█ As to the first point raised, as above stated, the degree of diligence used in each case, before depositions of absent witnesses may be used in the trial thereof, is a question depending entirely upon the facts and circumstances of each particular case. In the given cause, the trial court found before he admitted the depositions that it was impossible to produce the witnesses by reason of the fact that these witnesses were concealing themselves from process servers and from the service of subpoenas issued for them. There is no showing that, if any of the other things had been done which the defendant alleges should have been done, the parties would or could have been located, and there is nothing to show that a search of the directory, as is suggested by appellant, would have resulted in the location of, or the service upon, the absent witnesses of subpoenas to testify in the given case. It was a matter for the trial court to determine upon the evidence before it, and having determined that they could not be located, in the absence of an abuse of discretion or any showing from which an abuse of discretion could be inferred by this court, we cannot say that there was a resulting miscarriage of justice. The depositions presented showed sufficient facts to justify the court in finding the defendant guilty as charged in the three counts.

The judgment and the order appealed from are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 31, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 13, 1934.