[Crim. No. 4327. In Bank.—February 20, 1941.]

THE PEOPLE, Respondent, v. ARKELL H. CRAIG, Appellant.

Franklin B. MacCarthy and Henry F. Poyet for Appellant.

Earl Warren, Attorney-General, and Gilbert F. Nelson, Deputy Attorney-General, for Respondent.

GIBSON, C. J.—Defendant was prosecuted and found guilty upon two counts of rape based on a single act of intercourse committed without the consent and against the will of a sixteen year old girl. Count 1 of the information charged that the rape was accomplished by force and violence, contrary to the provisions of subdivision 3 of section 261 of the Penal Code. Count 2, after alleging that it was "a different statement of the same offense", charged statutory rape upon a child under the age of consent, contrary to the provisions of subdivision 1 of the section. Each count also charged a prior conviction of felony and service of a term of imprisonment therefor. A jury trial was waived, and the court, at the conclusion of the evidence, found defendant guilty on both

counts. A separate judgment was pronounced and entered on each count sentencing the defendant thereon to the state prison at Folsom "for the term prescribed by law", the sentences to run concurrently. Defendant has appealed.

An examination of the record discloses sufficient evidence to support the conviction of defendant and the finding with respect to the prior felony charge. The only question meriting serious consideration is as to the propriety of entering separate judgments and sentences for both forcible and statutory rape, charged under separate counts, when but a single act of sexual intercourse has been committed.

Section 261 of the Penal Code defines rape as "an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the following circumstances," viz: (1) where she is under 18 years of age; (2) where she does not possess the mental capacity legally to consent thereto; (3) where her resistance is overcome by force; (4) where resistance is precluded by certain designated means; (5) where she is unconscious of the nature of the act and this is known to the accused; and (6) where she submits under artifice, fraud, etc.

Under this section, but one punishable offense of rape results from a single act of intercourse, although that act may be accomplished under more than one of the conditions or circumstances specified in the foregoing subdivisions. These subdivisions merely define the circumstances under which an act of intercourse may be deemed an act of rape; they are not to be construed as creating several offenses of rape based upon that single act. This conclusion finds support in section 263 of the Penal Code which provides that "The essential guilt of rape consists in the outrage to the person and the feelings of the female." The victim was not doubly outraged, once because she was forcibly attacked and once because she was under 18 years of age. There was but a single outrage and offense. (*People* v. *Snyder,* 75 Cal. 323 [17 Pac. 208]; *People* v. *Vann,* 129 Cal. 118, 121 [61 Pac. 776]; *People* v. *Jailles,* 146 Cal. 301, 304 [79 Pac. 965]; *People* v. *Maruyama,* 19 Cal. App. 290, 293 [125 Pac. 924].)

The Vann case, *supra,* states: "We think the true construction of section 261 to be that thereby the legislature meant merely to put beyond doubt the rule that on an information for rape the things mentioned in the subdivisions

could be proven, and would establish the crime. It is not intended to alter or establish a rule of pleading; or to create six different kinds of crime.''

In the Jailles case, *supra*, the accused, as here, was charged in separate counts with both forcible and statutory rape based on a single act of intercourse. This court declared that ''It must be conceded that it would be preferable for the pleader endeavoring to set forth one offense in different forms under different counts to expressly state in the information that the matters and things so set forth are descriptive of one and the same offense. Such a statement would obviate all question as to the intention of the pleader. We think, however, that, despite the absence of such a statement in the information before us, it was manifest that it was sought to charge but one offense—viz., one rape committed on Maria Tampo on May 10, 1903. The nature of the allegations in the two counts shows this very clearly. The only difference between the allegations of the two counts is, that force, violence, and resistance are alleged in one without allegation as to age, while in the other is the allegation as to age without any allegation as to force, violence and resistance. The allegations of each show the offense of rape, committed on the same person on the same day, and indicate that the district attorney was simply endeavoring to set forth the same transaction in different ways so as to bring the case within either subdivision 1 or subdivision 3 of section 261 of the Penal Code, as the evidence on the trial might show it to have been. All these allegations might undoubtedly have been joined in one count, for there is nothing inconsistent in them.''

Section 954 of the Penal Code still provides, as it did then, for a statement of the ''same offense'' in separate counts. Here, as already stated, the information expressly alleged that the second count represented ''a different statement of the same offense'', indicating the pleader's belief to be that one offense was being stated in different ways. However, even in the absence of such an averment in the Jailles case, the information there was held to charge but one offense in varying forms and in separate counts. It is true that at the time of the decision in the Jailles case section 954 did not authorize, as it does now, the charging in one indictment or information of two or more *''different* offenses''* of the same class or connected together in their commission. Still,

it cannot be successfully contended that the absence of such authority in the statute prompted the decision that charges of forcible and statutory rape based on a single act of intercourse constitute but one offense. If the court in the Jailles case had been of the opinion that these charges represented different offenses, it would have so held and declared the joinder of such "different" offenses improper in the absence of statutory authority. Instead, it held that but one offense was involved.

The authorities have set down certain rules or tests whereby it may generally be determined whether one or more offenses result from a single act or transaction. Frequently, the test is stated to be "the *identity of the offenses* as distinguished from the identity of the transactions from which they arise. A defendant may be convicted of two separate offenses arising out of the same transaction when each offense is stated in a separate count and when the two offenses differ in their necessary elements and one is not included *within the other."* (*People* v. *Venable,* 25 Cal. App. (2d) 73, 74 [76 Pac. (2d) 523].) Where, as here, the charge and proof disclose a *single* act of intercourse resulting from *force* employed upon a *minor,* but one punishable rape is consummated, for the proof, though dual in character, necessarily crystallizes into one "included" or identical offense.

Under the above test for determining whether one or more offenses result from the same act or transaction, it has been held, by way of illustration, that where one shot is fired and two persons are killed, two punishable homicides result. (*People* v. *Majors,* 65 Cal. 138 [3 Pac. 597, 52 Am. Rep. 295].) Likewise, it has been held that where one act or transaction violates the provisions of two statutes, whether of the same or different jurisdictions, it is punishable under both. (*People* v. *Painetti,* 210 Cal. 476 [292 Pac. 965] [violation of Still Act and Wright Act] ; *People* v. *Burkhart,* 5 Cal. (2d) 641 [55 Pac. (2d) 846] [violation of county ordinance for being drunk in public place and driving motor vehicle while drunk] ; *People* v. *Coltrin,* 5 Cal. (2d) 649 [55 Pac. (2d) 1161] [abortion and murder] ; *People* v. *Warriner,* 37 Cal. App. 107 [173 Pac. 489] [lewd and lascivious acts and rape committed same day on same child] ; *People* v. *McCollum,* 116 Cal. App. 55 [2 Pac. (2d) 432] [incest and rape].)

All of these illustrations are distinguishable from the situation here confronting the court. In the cited instances, the one act or transaction either injured or affected two or more victims or ran counter to two or more separate and distinct statutes defining different crimes with variable elements. In many instances the violation of these separate statutes was complete at different stages of the commission of the single act or transaction. In other words, a punishable abortion results when the woman has aborted as a result of the accused's act, but the homicide for which he may likewise be tried and convicted does not result until the victim later dies. The two offenses arising out of the same transaction are consummated at different times, and the statute condemning each is based upon an independent public policy. This is equally true of the illustration with respect to the offenses of lewd conduct and rape perpetrated on the same child. But none of the foregoing distinguishable characteristics is here present. There is only one victim. There has been a violation of but one statute—section 261 of the Penal Code. And, while the proof necessarily varies with respect to the several subdivisions of that section under which the charge may be brought, the sole punishable offense under any and all of them is the unlawful intercourse with the victim. We conclude that only one punishable offense of rape results from a single act of intercourse, though it may be chargeable in separate counts when accomplished under the varying circumstances specified in the subdivisions of section 261 of the Penal Code.

Section 264 of the Penal Code prescribes a punishment of "not more than fifty years" in the state prison for rape committed in violation of *any* of the subdivisions of section 261. In the case of statutory rape (subd. 1, sec. 261), it also provides for an alternative county jail punishment. The trial court, however, by its "judgments" has sentenced defendant on both counts of the information to the state prison.

The "judgments" entered by the trial court should be modified to the extent of consolidating them into a single judgment. A new trial or reversal with directions is not necessary for this purpose. An appellate court possesses the power to modify a judgment on appeal therefrom. (Sec. 1260, Pen. Code; *People* v. *Kynette,* 15 Cal. (2d) 731 [104 Pac. (2d) 794].) Such modification will serve to preclude the dual judgments of the trial court from hereafter working

any possible disadvantage or detriment to the defendant in the later fixing of his definite term by the State Board of Prison Terms and Paroles.

For the foregoing reasons, the ''judgments'' herein are consolidated and modified to read: ''Whereas the said Arkell H. Craig has been found guilty of the crime of *Rape,* a felony, as defined and proscribed in subdivisions 1 and 3 of section 261 of the Penal Code, and as charged in counts 1 and 2 of the amended information, being separate statements of the same offense, and the allegation of prior conviction having been found true as therein alleged, to wit: Larceny of Auto, a felony, convicted in the Circuit Court of the State of Illinois, Cook County, upon which judgment was rendered on or about March 14, 1925, and that defendant served a term of imprisonment therefor in a penal institution,

''It is Therefore Ordered, Adjudged and Decreed that the said Arkell H. Craig be punished by imprisonment in the State Prison of the State of California at Folsom for the term prescribed by law.''

As modified, the judgment is affirmed.

Curtis, J., Shenk, J., Edmonds, J., Traynor, J., and Carter, J., concurred.