Filed 3/21/16  In re David M. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re DAVID M., a Person Coming Under the Juvenile Court Law. | B261610<br>(Los Angeles County<br>Super. Ct. No. JJ19806) |
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>DAVID M.,<br><br>        Defendant and Appellant. | ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on March 2, 2016, be modified as follows:

1.  On page 2, last sentence of the first full paragraph, beginning "We otherwise affirm" is deleted and the following sentence is inserted in its place:

> We otherwise affirm the judgment, including the juvenile court's determination that it had jurisdiction and the order sustaining the allegations in counts 2, 4, and 6."

_____
*ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J.

2.  On page 5, last sentence of the paragraph starting at the top of the page, beginning "In this case, that would mean" is deleted and the following sentence is inserted in its place:

> "In this case, that would mean vacating counts 1 and 3, assault by means likely to produce great bodily injury, as alleged pursuant to section 245, subdivision (a)(4), and affirm counts 2 and 4, assault with a deadly weapon, as alleged pursuant to section 245, subdivision (a)(1)."

3.  Page 8, the first and second sentences of the paragraph under the heading Disposition, beginning with "That part of the judgment" and "The orders sustaining the" are deleted and the following sentences are inserted in their place:

> "That part of the judgment determining that the court had jurisdiction and sustaining allegations in counts 2, 4, and 6 is affirmed.  The orders sustaining the allegations of counts 1 and 3, assault by means likely to produce great bodily injury, are vacated, and that part of the judgment ordering the disposition is reversed."

Appellant's petition for rehearing is denied.

There is no change in the judgment.

Filed 3/2/16  In re David M. CA2/2 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re DAVID M., a Person Coming Under the Juvenile Court Law. | B261610 (Los Angeles County Super. Ct. No. JJ19806) |
| THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff and Respondent, v. DAVID M., Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Catherine J. Pratt, Commissioner.  Affirmed in part and reversed in part.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Lance E. Winters, Assistant Attorneys General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

David M. (minor) appeals from the judgment entered after the juvenile court sustained a petition filed pursuant to Welfare and Institutions Code section 602 (section 602 petition) and adjudicated minor a ward of the court. He contends that the juvenile court erred in sustaining duplicate assault allegations, and respondent agrees. We concur and vacate the duplicate findings. In addition, we reverse the disposition and remand the matter for the juvenile court to exercise its discretion under Welfare and Institutions Code section 702, to expressly declare counts 1 and 3 to be either felonies or misdemeanors, and to recalculate the maximum period of confinement. We otherwise affirm the judgment, including the juvenile court's determination that it had jurisdiction and the order sustaining the allegations in counts 2, 5, and 6.

## BACKGROUND

The section 602 petition alleged that minor committed the following felonies: assault by means likely to produce great bodily injury upon Carlos G. in violation of Penal Code section 245, subdivision (a)(4) (count 1)[1]; assault with a deadly weapon upon Carlos G. in violation of section 245, subdivision (a)(1) (count 2); assault by means likely to produce great bodily injury against Julio G. in violation of section 245, subdivision (a)(4) (count 3); assault with a deadly weapon against Julio G. in violation of section Code, 245, subdivision (a)(1) (count 4); and making criminal threats against Carlos G. in violation of section 422, subdivision (a) (count 5).[2] In addition, the petition alleged in count 6 that minor gave false information to a police officer in violation of section 148.9, subdivision (a), a misdemeanor.

Evidence presented at the contested adjudication hearing showed that minor acted as a lookout when an accomplice hit Carlos G. in the face with a metal baseball bat, and

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

[2]     The petition alleged pursuant to section 186.22, subdivision (b)(1)(C), that the offenses alleged in counts 1 through 5 were committed for the benefit of, at the direction of, and in association with a criminal street gang, with the specific intent to promote, further and assist in criminal conduct by gang members. The juvenile court dismissed the gang allegations.

2

then hit Julio G. in the back with a wooden two-by-four.  Later, when minor was first detained, he gave the police a false name.

On January 15, 2015, the juvenile court found true all counts except count 5.  The court ordered minor to Camp Community Placement for a term of five to seven months, and set the maximum term of confinement at seven years ten months.  Minor filed a timely notice of appeal from the judgment.

## DISCUSSION

Minor contends that the true findings of assault with force likely to cause great bodily injury as alleged in counts 1 and 3 are duplicative of the true findings of assault with a deadly weapon as alleged in counts 2 and 4, and that two of the duplicative counts must be reversed.  Respondent agrees.

In general, section 954 permits multiple convictions for a single act, subject to one judicially created exception which "'prohibits multiple convictions based on necessarily included offenses.' [Citation.]" (*People v. Reed* (2006) 38 Cal.4th 1224, 1226-1227.) Section 954 applies to juvenile adjudications.  (*In re Jose H*. (2000) 77 Cal.App.4th 1090, 1094-1095.)  It provides:  "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense . . . .  The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged . . . ."  (§ 954.)

However, "'The offense of assault by means of force likely to produce great bodily injury is not an offense separate from . . . the offense of assault with a deadly weapon.' [Citation.]" (*People v. McGee* (1993) 15 Cal.App.4th 107, 110, 114; see also *In re Mosley* (1970) 1 Cal.3d 913, 919, fn. 5.)  A defendant may not be convicted of more than one count of the same crime prohibited by the same statute committed against a single victim. (See *People v. Craig* (1941) 17 Cal.2d 453, 458; *People v. Coyle* (2009) 178 Cal.App.4th 209, 217-218; *People v. Muhammad* (2007) 157 Cal.App.4th 484, 494; *People v. Ryan* (2006) 138 Cal.App.4th 360, 370-371.)  It makes no difference that the alternate ways of committing a single crime are described in two separate subdivisions of

3

the statute. (See *People v. Tenney* (1958) 162 Cal.App.2d 458, 461 ["When a single act relates to but one victim, and violates but one statute, it cannot be transformed into multiple offenses by separately charging violations of different parts of the statute"].)

Prior to its amendment in 2012, assault with a deadly weapon and assault by means likely to produce great bodily injury were both described in section 245, subdivision (a)(1), as two different ways of committing the prohibited assault. (See *People v. Martinez* (2005) 125 Cal.App.4th 1035, 1043.) In 2012, Assembly Bill No. 1026 separated them into two subdivisions, section 245, subdivision (a)(1), and section 245, subdivision (a)(4); however, the amendment was intended to make only technical, nonsubstantive changes. (Legis. Counsel's Dig., Assem. Bill No. 1026 (2011-2012 Reg. Sess.) Stats. 2011, ch. 183, § 1.) As reflected in the legislative history, the Legislature did not intend to create two separate crimes: "'AB 1026 will allow for a more efficient assessment of a defendant's prior criminal history and would lead to a more accurate and earlier disposition of criminal cases. AB 1026 does not create any new felonies or expand the punishment for any existing felonies. It merely splits an ambiguous code section into two distinct parts.'" (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1026 (2011-2012 Reg. Sess.) June 14, 2011, p. 3.)[3] Thus, just as before the amendment, section 245 describes assault with a deadly weapon and assault by means likely to produce great bodily injury as one crime.

Although minor and respondent agree that the duplicate assault findings are error, the parties have disagreed on the remedy. Minor requests that all findings be reversed and the matter remanded to the juvenile court for new findings. Respondent suggests that this court vacate the duplicate assault findings and otherwise affirm the juvenile court's judgment, but does not suggest which subdivision should be vacated. Though the

---

[3] Assault with a deadly weapon is a serious felony for purposes of recidivist sentence enhancements, while assault by means likely to produce great bodily injury is not, unless the defendant personally inflicted great bodily injury. (§ 1192.7, subd. (c)(1)(8) & (31).) As respondent notes, the 2012 amendment avoids the problem of discerning from criminal records which acts were committed. (See, e.g., *People v. Delgado* (2008) 43 Cal.4th 1059, 1065.)

appellate court has the authority to vacate one of two duplicate convictions (see *People v. Ceja* (2010) 49 Cal.4th 1, 5-8), the question becomes which one to vacate. If one of the offenses were a lesser included offense of the other, it would be appropriate to affirm the greater and vacate the lesser. (See *People v. Pearson* (1986) 42 Cal.3d 351, 355.) However, neither assault with a deadly weapon nor assault by means likely to produce great bodily injury is a lesser included offense of the other. (See *In re Mosley, supra*, 1 Cal.3d at p. 919, fn. 5.) We agree with the court in *People v. Ryan, supra*, 138 Cal.App.4th at page 371, which under similar circumstances held that the better practice is to affirm the conviction that appears to "more completely cover[]" the defendant's acts, and vacate the less factually apt conviction. In this case, that would mean vacating counts 1 and 3, assault by means likely to produce great bodily injury, as alleged pursuant to section 245, subdivision (a)(4), and affirm counts 2 and 3, assault with a deadly weapon, as alleged pursuant to section 245, subdivision (a)(1).

However simply striking the two duplicate assaults does not resolve other questions raised by our review. The juvenile court did not expressly declare the offenses to be felonies or misdemeanors; nor did the court explain how the maximum period of confinement was computed or whether it included aggregation of terms on the basis of prior sustained section 602 petitions. (See Welf. & Inst. Code, §§ 702, 726.)[4]

"If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." (§ 702.) Although the juvenile court's minutes state that the court declared all offenses to be felonies, the court made no such oral statement on the record; nor could it do so as to count 6, which alleged a violation of Penal Code section 148.9, a misdemeanor with no provision making it punishable alternatively as a felony. (See Welf. & Inst. Code, § 702.) On the other hand, a violation of Penal Code section 245, subdivision (a), is a so-called "wobbler" offense, as it is

---

[4]    In this part of our discussion, all further statutory references are to the Welfare and Institutions Code unless indicated otherwise.

punishable as either a felony or a misdemeanor, and thus subject to section 702. (*In re Brandon T.* (2011) 191 Cal.App.4th 1491, 1495, fn. 4.)

When required, the juvenile court must make the declaration expressly on the record. (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204; *In re Ricky H.* (1981) 30 Cal.3d 176, 191-192; Cal. Rules of Court, rules 5.790(a)(1), 5.780(e)(5).) "[N]either the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony. [Citation.]" (*In re Manzy W.*, at p. 1208.) Remand for the declaration is required unless "the record as a whole establishes that the juvenile court was aware of its discretion to treat the offense as a misdemeanor and to state a misdemeanor-length confinement limit." (*Id.* at p. 1209.)

In addition to the absence of an express declaration under section 702, the record does not reveal the juvenile court's formula for computing the maximum period of confinement pursuant to section 726. Subdivision (d)(3) of that section provides in relevant part: "If the court elects to aggregate the period of physical confinement on multiple counts or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the 'maximum term of imprisonment' shall be the aggregate term of imprisonment specified in subdivision (a) of Section 1170.1 of the Penal Code." Thus, "computation of the maximum period of confinement involves determining the *upper term* of imprisonment for the most serious offense . . . then adding any consecutive time imposed for other counts. [Citation.]" (*In re Manzy W., supra*, at p. 1202, fn. 1.) The subordinate consecutive terms are computed as one-third the middle term for offenses declared by the juvenile court to be felonies; and for offenses declared to be misdemeanors with only one term specified, they are computed as one-third that term. (*In re Eric J.* (1979) 25 Cal.3d 522, 536-537.)

The parties were asked to provide further briefing regarding these issues, and both have filed letter briefs which we have considered. Neither party has suggested that the

6

record establishes the juvenile court's awareness of its discretion under section 702.[5] Nevertheless, minor suggests that the announced maximum period of confinement indicates that the juvenile court considered the assaults to be felonies, and that the court calculated the period by aggregating it with prior sustained petitions, pursuant to section 726.  Minor speculates that the court calculated the maximum period of confinement by beginning with a four-year term as to the count 1 assault, adding three one-year consecutive terms for the remaining three assaults, and then adding an additional 10 months, consisting of the middle terms of three misdemeanors, as follows:  the current violation of Penal Code section 148.9 (two months); and sustained allegations in two prior petitions, a violation of Penal Code sections 594, subdivision (a), and 148 (four months each).

Aggregation of the current offenses with prior offenses is within the juvenile court's discretion; "however, where the prior offenses are to be considered to aggregate the maximum term to extend it beyond that which could be imposed for the new offense, due process requires notice of the juvenile court's intention [and] a meaningful opportunity to rebut any derogatory material within its prior record.  [Citations.]"  (*In re Michael B*. (1980) 28 Cal.3d 548, 553.)  Such notice must include the possible amount of additional time that might be added due to the prior offenses.  (See *In re Steven O*. (1991) 229 Cal.App.3d 46, 56-57.)  Here, there is no indication in this record that the juvenile court exercised such discretion or that due process was satisfied.  The only use the court apparently made of the prior offenses was to support a finding that camp was a suitable placement.

Respondent contends that until the juvenile court exercises its discretion to declare the two assaults misdemeanors or felonies, the maximum period of confinement cannot be accurately calculated.  We agree.  The declaration required by section 702 is key to that computation.  (*In re Manzy W*., *supra*, 14 Cal.4th at p. 1208.)  As the record does not

---

[5]     Both parties agree that Penal Code section 654 is inapplicable here, and neither party suggests that it figured in the juvenile court's computation of the maximum period of confinement.

establish that the juvenile court was aware of its discretion to treat the assaults as misdemeanors, remand is required for an express declaration and recalculation of the maximum period of confinement. (*Id.* at p. 1209; see also *In re Samuel C.* (1977) 74 Cal.App.3d 351, 360 [where trial court's intent is not necessarily reflected in the maximum term of confinement, remand is appropriate].)

## DISPOSITION

That part of the judgment determining that the court had jurisdiction and sustaining allegations in counts 2, 5, and 6 is affirmed. The orders sustaining the allegations of counts 2 and 4, assault by means likely to produce great bodily injury, are vacated, and that part of the judgment ordering the disposition is reversed. The cause is remanded with directions for the trial court to exercise its discretion in compliance with Welfare and Institutions Code sections 702 and 726, to declare on the record whether counts 1 and 3 are felonies or misdemeanors, to fix the maximum period of physical confinement in accordance with this opinion, and to enter a new dispositional order.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT

8