Filed 12/19/22  P. v. Aguayo CA4/1
(opinion on remand from Supreme Court)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VERONICA AGUAYO,<br><br>    Defendant and Appellant. | D073304<br><br><br>(Super. Ct. No. SCS295489) |


APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Reversed with directions.

Howard C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel J. Hilton and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal returns to us after the Supreme Court of California reversed our judgment affirming Veronica Aguayo's convictions of assault with a deadly weapon other than a firearm and assault by means of force likely to produce great bodily injury. The Supreme Court held the two types of assault are merely different ways of stating the same offense and Aguayo can be convicted of only one count. The Supreme Court remanded the matter to us to determine whether to consolidate the two convictions or to strike one. (*People v. Aguayo* (2022) 13 Cal.5th 974 (*Aguayo*).)

The parties have submitted supplemental briefs on the dispositional issue. We conclude the two convictions should be consolidated. As in our prior opinion, however, we conditionally reverse the judgment to allow the trial court to consider Aguayo's eligibility for mental health diversion under statutes that took effect while her appeal was pending, an issue the Supreme Court did not address in its opinion in this case.

I.

BACKGROUND

During a fight, Aguayo struck her father with a bicycle chain and lock multiple times in the head, arms, chest, and back. She also threw a ceramic pot that hit her father's head where he had previously had surgery. (*Aguayo, supra*, 13 Cal.5th at p. 980.)

A jury found Aguayo guilty of assault with a deadly weapon other than a firearm (assault with a deadly weapon; Pen. Code, § 245, subd. (a)(1); subsequent section references are to this code) and assault by means of force likely to produce great bodily injury (force likely assault; § 245, subd. (a)(4)). The jury found true an allegation that in committing the assault with a deadly weapon Aguayo personally used a dangerous and deadly weapon, i.e., the bicycle chain and lock (§ 1192.7, subd. (c)(23)). The trial court suspended

2

imposition of sentence and placed Aguayo on probation for three years for the conviction of assault with a deadly weapon, and gave her the same "sentence" on the conviction of force likely assault but stayed its execution pursuant to section 654. (*Aguayo, supra*, 13 Cal.5th at p. 981; *People v. Aguayo* (2019) 31 Cal.App.5th 758, 760-761, revd. by *Aguayo*, 13 Cal.5th 974.)

On appeal, we rejected Aguayo's claim the conviction of force likely assault had to be vacated as based on a lesser included offense of the assault with a deadly weapon of which she had also been convicted. We also rejected her claim the two convictions were impermissibly based on the same conduct. We nevertheless conditionally reversed the judgment and remanded the matter for the trial court to consider Aguayo's eligibility for mental health diversion (§ 1001.36). (*Aguayo, supra*, 13 Cal.5th at p. 981.)

The Supreme Court granted Aguayo's petition for review and directed the parties to brief a new issue, namely, whether the two types of assault of which Aguayo was convicted were different statements of the same offense for purposes of section 954.[1] The Supreme Court concluded they were and Aguayo could not be convicted of both because it was reasonably probable the jury viewed the two charged assaults as based on the same act or course of

---

[1] "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts . . . . The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged, and each offense of which the defendant is convicted must be stated in the verdict or the finding of the court . . . ." (§ 954.) " 'The most reasonable construction of the language in section 954 is that the statute authorizes multiple convictions for different or distinct offenses, but does not permit multiple convictions for a different statement of the same offense when it is based on the same act or course of conduct.' " (*People v. Vidana* (2016) 1 Cal.5th 632, 650 (*Vidana*).)

conduct. The Supreme Court reversed this court's judgment and "remand[ed] the matter for proceedings consistent with this opinion. (See *Vidana*, *supra*, 1 Cal.5th at p. 651, fn. 18 ['we express no opinion on whether striking the larceny conviction or the embezzlement conviction or consolidating the two convictions is the proper remedy']; see, e.g., *People v. Craig* (1941) 17 Cal.2d 453, 458-459 [(*Craig*)].)" (*Aguayo*, *supra*, 13 Cal.5th at p. 996.)

## II.

## DISCUSSION

A.    *Proper Remedy for Impermissible Separate Convictions*

The parties disagree on what is the proper remedy for Aguayo's impermissible separate convictions of assault with a deadly weapon and force likely assault. In her supplemental brief, Aguayo asks us to remand the matter to the trial court to allow the People to elect to retry her on one or the other type of assault, and to direct the court to strike the conviction of assault with a deadly weapon if the People decline to retry her. In their supplemental brief, the People also ask us to give them the option of a new trial, but on both counts so that they can prove she committed separate acts in separate courses of conduct. The People contend that in the likely event they decline to retry Aguayo, the two convictions should be consolidated into one conviction of assault with a deadly weapon other than a firearm *and* by means of force likely to produce great bodily injury. We conclude no retrial is warranted and the two convictions should be consolidated.

It is too late for the parties to request remand for a new trial. In her opening brief in this court, Aguayo asked us to vacate the force likely assault conviction, because that assault was a lesser included offense of the assault with a deadly weapon of which she was also convicted. In their respondent's brief, the People argued neither assault was a lesser included offense of the

4

other, and asked us to affirm the judgment. In her reply brief, Aguayo requested, as an alternative to the remedy she sought in her opening brief, that we remand the matter to permit the trial court to decide which conviction to vacate, because, she contended, the two convictions were for the same offense and were based on the same acts. When the case was in this court the first time, neither party contended, as both do now, that the matter should be remanded for a new trial because the trial court failed to instruct the jury that the two assault charges were alternatives and Aguayo could not be convicted of both (CALCRIM No. 3516) or that the jury needed to agree on the specific act that underlay each charged assault (CALCRIM No. 3500). These instructional error arguments were available to the parties when they initially briefed the matter here. When a case is remanded from the Supreme Court, "[s]upplemental briefs must be limited to matters arising after the previous Court of Appeal decision in the cause, unless the presiding justice permits briefing on other matters." (Cal. Rules of Court, rule 8.200(b)(2).) No such permission was given here. We therefore need not, and do not, consider the parties' belated requests for remand for a new trial. (*People v. Vasquez* (2022) 74 Cal.App.5th 1021, 1033, fn. 10; *Akins v. State of California* (1998) 61 Cal.App.4th 1, 8, fn. 2.)

Remand for a new trial is, in any event, not one of the remedies the Supreme Court indicated we should consider when it sent the case back to us. In its opinion, the Supreme Court directed our attention to two of its prior cases involving separate convictions under statutory provisions that were different statements of the same offense. (*Aguayo, supra,* 13 Cal.5th at p. 996.) In one case, the defendant was convicted of both larceny and embezzlement based on the same course of conduct. (*Vidana, supra,* 1 Cal.5th at pp. 635-636.) The Court of Appeal ruled the separate convictions

5

were improper and struck the larceny conviction. (*Id.* at p. 636.) In affirming the Court of Appeal's judgment, the Supreme Court stated: "The Attorney General does not challenge the striking of defendant's larceny conviction by the Court of Appeal, and *we express no opinion on whether striking the larceny conviction or the embezzlement conviction or consolidating the two convictions is the proper remedy.*" (*Id.* at p. 651, fn. 18, italics added.) In the other case to which the Supreme Court directed our attention, the defendant was convicted, based on a single act of intercourse, of one count of rape by force and violence and a separate count of rape of a child under the age of consent. (*Craig, supra,* 17 Cal.2d at pp. 454-455.) The Supreme Court ruled only one punishable offense of rape had occurred, and consolidated the defendant's two convictions into a single judgment that stated the defendant was found guilty of the crime of rape, identified the two statutory subdivisions the defendant violated, and stated the two counts were separate statements of the same offense. (*Id.* at pp. 458-459.) Under these cases, the remedies potentially available to a court where, as here, a defendant has been improperly convicted of two counts that are merely different statements of the same offense are to strike one of the convictions or to consolidate them into one. We must decide which is the proper remedy in this case.

Consolidation of Aguayo's convictions of assault with a deadly weapon and force likely assault into a single conviction is appropriate. Consideration of legislative intent is "appropriate" to determine the remedy for improper multiple convictions for the same course of conduct. (*People v. Torres* (2002) 102 Cal.App.4th 1053, 1059.) Our Supreme Court explained in its decision in this case that the Legislature's "primary purpose" in amending section 245 in 2011 was to take assault with a deadly weapon and force likely assault out of the same paragraph (former § 245, subd. (a)(1)) and put them into separate

6

paragraphs (current § 245, subd. (a)(1) & (4)), because the former type of assault but not the latter is a "serious felony" with potential consequences under the Three Strikes law. (*Aguayo*, *supra*, 13 Cal.5th at pp. 986-987.) "Having a judgment showing the 'true nature' of a former section 245[, subd.] (a)(1) conviction—by indicating whether it was pursuant to subparagraph (a)(1) or (a)(4)—would allow a prosecutor to settle appropriate cases prior to a preliminary hearing and avoid 'clogging the court system.' " (*Aguayo*, at p. 987.) The " 'true nature' " of Aguayo's convictions includes both her personal use of a dangerous and deadly weapon, as the jury expressly found in its guilty verdict on the count of assault with a deadly weapon, and her use of force likely to produce great bodily injury, as the jury found by its guilty verdict on the count of force likely assault. Consolidation into a single conviction of assault with a deadly weapon other than a firearm *and* by means of force likely to produce great bodily injury "preserves all of those jury findings, and does not increase the severity of defendant's sentence." (*People v. Coyle* (2009) 178 Cal.App.4th 209, 218.) By contrast, striking the assault with a deadly weapon conviction, as Aguayo urges, would nullify the jury's verdict and related finding. We therefore modify the judgment to consolidate the separate convictions of assault with a deadly weapon and force likely assault into a single conviction of assault in violation of subdivisions (a)(1) and (a)(4) of section 245, as charged in counts 2 and 3 of the amended information, being separate statements of the same offense, with a true finding that in committing the assault Aguayo personally used a deadly and dangerous weapon (a bicycle chain/lock) within the meaning of section 1192.7, subdivision (c)(23). (See *Craig*, *supra*, 17 Cal.2d at p. 459.)[2]

_____

[2]  The parties cite a decision from this court in which a jail inmate was convicted of assault with a deadly weapon and force likely assault for choking

7

B.  *Mental Health Diversion*

While this appeal was pending, legislation took effect that authorizes trial courts to grant diversion to criminal defendants who have qualifying mental disorders.  (§§ 1001.35, 1001.36.)  In our prior opinion, we concluded the legislation applied retroactively to Aguayo and the record suggested she might qualify for diversion, and we therefore conditionally reversed the judgment and remanded the matter for a determination of her eligibility.  (*People v. Aguayo*, *supra*, 31 Cal.App.5th at pp. 760, 769, revd. on other grounds by *Aguayo*, *supra*, 13 Cal.5th 974.)  In its opinion in this case, the Supreme Court did not address the mental health diversion issue other than to note our remand for an eligibility determination.  (*Aguayo*, at p. 981.)  While this case was pending in the Supreme Court, however, it issued its opinion in *People v. Frahs* (2020) 9 Cal.5th 618, where it held the mental health diversion statute applies retroactively to defendants whose judgments were not final when the statute took effect and remand for an eligibility hearing is appropriate when the record contains information the defendant has a qualifying mental disorder.  (*Id.* at pp. 630, 640.)  Here, the probation officer's report states Aguayo has post-traumatic stress disorder.  That is one of the qualifying mental disorders listed in the mental health diversion statute.  (§ 1001.36, subd. (b)(1)(A).)  Hence, under *Frahs*, Aguayo is entitled to an eligibility hearing.

---

his cellmate with a tightly wrapped towel and we remanded the matter to the trial court with directions to strike one or the other conviction.  (*People v. Brunton* (2018) 23 Cal.App.5th 1097, 1099, 1108.)  As the parties note, we did not address the possibility of consolidating the two convictions in that case. A case is not authority for a point not considered.  (*People v. Casper* (2004) 33 Cal.4th 38, 43; *In re Bailey* (2022) 76 Cal.App.5th 837, 853.)

III.

DISPOSITION

The judgment (order granting probation) is conditionally reversed.  The matter is remanded to the trial court with directions to conduct a mental health diversion eligibility hearing pursuant to section 1001.36.

If the court determines Aguayo is not eligible for diversion, the court shall reinstate the judgment as modified on page 7, *ante*.

If the court determines Aguayo is eligible for diversion but, in the exercise of discretion, further determines diversion is not appropriate under the circumstances, the court shall reinstate the judgment as modified on page 7, *ante*.

If the court determines Aguayo is eligible for diversion and, in the exercise of discretion, further determines diversion is appropriate under the circumstances, the court may grant diversion.  If Aguayo successfully completes diversion, the court shall dismiss the charges in accordance with section 1001.36, subdivision (e).  If Aguayo does not successfully complete diversion, the court shall reinstate the judgment as modified on page 7, *ante*.


IRION, J.

WE CONCUR:



O'ROURKE, Acting P. J.



DATO, J.

9