[No. C038751. Third Dist. Oct. 31, 2002.]

ROBERT MARTIN HAMILTON, Plaintiff and Appellant, v.
STEVEN GOURLEY, as Director, etc., Defendant and Respondent.

**COUNSEL**

Law Offices of Kenneth M. Foley and Kenneth M. Foley for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Jacob A. Appelsmith, Barbara J. Seidman and Leslie A. Burgermyer, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**CALLAHAN, J.**—Plaintiff Robert Martin Hamilton (Hamilton) appeals from the denial of his petition for writ of mandate, by which he sought to set

aside a one-year suspension of his commercial driving license privilege imposed by the Department of Motor Vehicles (DMV) upon his conviction of driving a vehicle with a blood-alcohol content of .08 percent or more. (Veh. Code, § 23152, subd. (b), all further unspecified statutory references are to this code.)

We find the DMV exceeded its jurisdiction in taking away Hamilton's commercial license for one year, because the statute under which it purported to act (§ 15300, subd. (a)(1)) does not authorize that penalty for the offense of which Hamilton was convicted. We will reverse the judgment with directions to grant the writ.

## BACKGROUND

On August 27, 2000 (all unspecified calendar references are to that year), Hamilton was issued a misdemeanor traffic citation for violating section 23152, subdivision (d) (section 23152(d)), i.e., driving a commercial vehicle with a blood-alcohol level of .04 percent or higher. The citation indicated on its face that Hamilton was driving a 1969 Peterbilt 3x dump truck, a commercial vehicle. A printout of the breathalyzer test administered by the officer showed that Hamilton registered a blood-alcohol content (BAC) of .06 percent.

On September 22, a criminal complaint was filed in superior court, charging Hamilton with violating section 23152(d). Three days later, the district attorney filed an amended complaint, alleging two different offenses than the one for which Hamilton was cited:

Count I: Section 23152, subdivision (a): driving a vehicle while under the influence of alcohol; and

Count II: Section 23152, subdivision (b): driving a vehicle with a BAC greater than .08 percent.

On October 31, as the result of an apparent plea bargain agreement, the district attorney dismissed count I and Hamilton entered a no contest plea to count II, driving a vehicle with a BAC of .08 percent or more.

On November 6, the clerk of the court sent an abstract of Hamilton's conviction record to the DMV. The record included documents indicating that he was driving a commercial vehicle at the time of the offense.

Based on the records transmitted from the clerk, the DMV took two separate and independent administrative actions against Hamilton: (1) it suspended his privilege to operate a *motor vehicle* for six months from October 31, 2000, to April 30, 2001 (see § 13352, subd. (a)(1)), and (2) it disqualified him, for a period of one year, from operating a *commercial vehicle*. The commercial disqualification order recited that the DMV's action was taken under the authority of section 15300, subdivision (a)(1), which mandates a one-year suspension for a first time conviction of "[d]riving a commercial motor vehicle while under the influence of alcohol . . . ."

Hamilton filed a petition for writ of mandate in superior court, challenging only the one-year suspension of his commercial driving privilege. He argued that the DMV incorrectly interpreted section 15300, since the offense to which he pleaded guilty, driving a vehicle with a BAC of .08 percent, was not a conviction for "[d]riving a commercial motor vehicle while under the influence of alcohol," as specified in subdivision (a)(1) of that statute.

The trial court denied the petition. This appeal ensues.

APPEAL

I

*Evidence re Meaning of "Commercial Vehicle"*

Hamilton's argument as set forth in his opening brief is uncomplicated: section 15300 only permits a one-year suspension of his commercial license upon conviction of driving a *commercial motor vehicle* under the influence of alcohol. Although he was cited for driving a commercial vehicle with a BAC of .04 percent or above (§ 23152(d)), Hamilton's conviction was for driving "*a vehicle*" with a BAC of .08 percent or greater (§ 23152, subd. (b)). Pointing out that he "was clearly not convicted of driving a *commercial* motor vehicle while under the influence of alcohol" (italics added), Hamilton asserts that the DMV does not have jurisdiction "to go beyond the conviction of Vehicle Code section 23152(b) which did not specify the type of vehicle being operated by the Petitioner . . . ."

The DMV takes the position that, when all pertinent statutes are read together and reasonably, Hamilton's conviction for driving with .08 percent BAC or more should qualify as a conviction under section 15300, because the DMV in reviewing the conviction may consider evidence from the court

records indicating that the vehicle in which the violation occurred was a commercial vehicle.

The initial question is whether the DMV may look behind the conviction itself and review the entire court record in determining whether the vehicle driven was a commercial one for purposes of applying section 15300. ■ Resolution of this issue is one of statutory interpretation, a question of law which is reviewed de novo on appeal. (*Shippen v. Department of Motor Vehicles* (1984) 161 Cal.App.3d 1119, 1124 [208 Cal.Rptr. 13].) ■ "The fundamental goal of statutory interpretation is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. 'In determining such intent, we first look to the words of the statute themselves, giving the language its usual, ordinary import. The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.' " (*Kerollis v. Department of Motor Vehicles* (1999) 75 Cal.App.4th 1299, 1304 [89 Cal.Rptr.2d 826].)

The distinction between commercial and noncommercial licenses is outlined in *Murphy v. Pierce* (1991) 1 Cal.App.4th 690, 694-695 [2 Cal.Rptr.2d 18] (*Murphy*): "Generally those who drive on California's highways must have driver's licenses. (§ 12500.) All drivers must pass a driving examination (§ 12803) testing the applicants' senses, practical skills, and knowledge of the rules of the road (§§ 12804, subd. (a)(1), 12804.9, subd. (a)(1)). Those interested in driving large vehicles, including trucks, must also pass an examination appropriate to the type of vehicle they will be driving. (§§ 12804, subd. (b), 12804.9, subd. (b).) A commercial license is required in order to operate a commercial motor vehicle. (§ 15250, subd. (a).) Commercial vehicles include double trailers and passenger vehicles designed to carry more than 10 persons. (§ 15278.) To obtain a commercial license a driver must pass written and driving tests for commercial vehicles. (§ 15250, subd. (b); 15275, subd. (a).)"

Section 23152 bans driving under the influence of alcohol and/or drugs. However, the statute contains several subdivisions describing discrete offenses. The three which concern us here are quoted below:

"(a) It is unlawful for any person who is *under the influence of any alcoholic beverage* or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle.

"(b) It is unlawful for any *person who has 0.08 percent or more*, by weight, of alcohol in his or her blood to drive a vehicle. [¶] . . . [¶]

"(d) It is unlawful for any person who has *0.04 percent or more*, by weight, of alcohol in his or her blood *to drive a commercial motor vehicle*, as defined in Section 15210." (Italics added.)

Section 13352, subdivision (a) requires the DMV to "immediately suspend or revoke, or record the court-administered suspension or revocation of, the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of a violation of *Section 23152* . . . . If any offense specified in this section occurs in a vehicle defined in Section 15210 [commercial vehicle], the suspension or revocation specified below shall apply to the noncommercial driving privilege. *The commercial driving privilege shall be disqualified as specified in Sections 15300 to 15302, inclusive.*" (Italics added.)

Section 13352 thus requires the DMV to take administrative action upon its receipt of a record of a *section 23152* conviction from the court, and cross-refers to section 15300 for the commercial license penalty. Section 15300 mandates a one-year disqualification of the commercial driving privilege upon the driver's conviction of "[d]riving a commercial motor vehicle while under the influence of alcohol . . . ." The disqualification follows automatically from the record of conviction; there is no opportunity for an administrative hearing. (See *Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1524 [82 Cal.Rptr.2d 378]; § 14101 ["A person is not entitled to a hearing . . . [¶] . . . [i]f the action by the department is made mandatory by this code."].)

The above statutory scheme is seemingly straightforward, except that no subdivision of section 23152 describes an offense entitled "Driving a commercial motor vehicle while under the influence of alcohol." There are only two plausible candidates for the offense which the Legislature had in mind when it enacted section 15300's one-year commercial penalty: (1) a conviction under section 23152, subdivision (a), driving a vehicle under the influence of alcohol *where the vehicle involved was a commercial vehicle,* or (2) a conviction of section 23152(d), the separate offense of driving a commercial vehicle with a BAC of .04 percent or above.

We are convinced section 15300's sanction applies to the first candidate. The administrative suspension described in section 13352, subdivision (a) follows "upon receipt of a *duly certified abstract of the record of any court* showing that the person has been convicted of a violation of Section 23152 . . . ." (Italics added.) This statute must therefore be read in conjunction with the code sections dealing with the duties of the clerk of the court in reporting criminal vehicular convictions to the DMV.

Section 1803, subdivision (a) provides, "Every clerk of a court in which a person was convicted of any violation of this code, . . . shall prepare within 10 days after conviction and immediately forward to the department at its office at Sacramento an abstract of the record of the court covering the case in which the person was so convicted." Section 1804, subdivision (a) describes in detail the data to be furnished: "The abstract shall be made upon a form furnished or approved by the department and *shall* contain all necessary information to identify the defendant, *including*, but not limited to, the person's driver's license number, name, and date of birth, the date and nature of the offense, . . . the license plate number of the vehicle involved in the offense, the date of hearing, and the judgment, . . . *The abstract shall also indicate whether the vehicle involved in the offense is a commercial motor vehicle, as defined in subdivision (b) of Section 15210, . . .*" (Italics added.)

The clerk's reporting of whether the violation occurred while operating a commercial vehicle dovetails with section 13352, subdivision (a) which provides that "If any offense specified in this section occurs in a [commercial] vehicle . . . the suspension or revocation specified below shall apply to the noncommercial driving privilege. The commercial driving privilege shall be disqualified as specified in Section[] 15300 . . . ." A commonsense construction of the foregoing provisions yields the inference that if a commercial licensee is convicted of driving under the influence of alcohol *while operating a commercial vehicle*, his noncommercial driving privilege shall be suspended under the penalty provisions of section 13352, whereas the administrative consequences to his commercial privilege shall be as prescribed by the provisions of section 15300.

■ When all pertinent statutes are read together and harmonized, we believe the one-year disqualification of the commercial license applies to first time offenders who suffer a conviction of driving under the influence (§ 23152, subd. (a)) while operating a commercial vehicle. Moreover, whether a "commercial motor vehicle" was involved is to be determined by the DMV from the records received from the court clerk pursuant to sections 1803 and 1804.[1]

---

[1]Legislative history supports this view. Section 15300 was part of a series of amendments to the Vehicle Code which were enacted to comply with the 1986 Federal Safety Act, requiring sweeping changes in the testing and licensing of commercial drivers as a condition for avoiding the loss of federal highway funds. (Sen. Wadie P. Deddeh, letter to Governor George Deukmejian, Sept. 7, 1988.) Both the one-year commercial penalty and the requirement that courts furnish information to the DMV regarding whether a conviction involved a commercial vehicle were enacted together as part of the same package. (Cal. Highway Patrol, Enrolled Bill Rep. on Sen. Bill No. 2594 (1987-1988 Reg. Sess.) Sept. 12, 1988, p. 2.)

We reject the other possibility, that section 15300, subdivision (a)(1)'s penalty was intended to apply to a conviction of section 23152(d) (driving a commercial motor vehicle with a BAC content of .04 percent or greater), for two compelling reasons. First, as will be made clear, *infra*, driving "under the influence" (the exact phrase used in § 15300, subd. (a)(1)) and driving with a specified BAC percentage are not equivalent. Driving with a BAC level in excess of the maximum specified in a statute is an independent offense which does not require a showing that the driver's abilities were impaired by alcohol. (*Burg v. Municipal Court* (1983) 35 Cal.3d 257, 264-265 [198 Cal.Rptr. 145, 673 P.2d 732] (*Burg*).) More importantly, section 15300 was added to the code in 1988, *prior to the enactment* of section 23152(d).[2] Obviously, the Legislature could not have intended the DMV to impose an administrative sanction for the conviction of a crime that did not yet exist.

Our determination that the DMV may examine the court record in order to determine whether the violation occurred in a commercial vehicle does not, as Hamilton asserts, have the effect of allowing "Clerks of the Court [to] start conducting their own investigations and supplementing court convictions with information and facts NOT ADMITTED BY THE DEFENDANT OR ASSERTED BY THE PROSECUTION IN THE CRIMINAL CASE." (Capitalization in original.) Under sections 1803 and 1804, the only duty of the clerk is to compile information and transmit it to the DMV. The interpretation and evaluation of that information is the function of the DMV.

We conclude that the DMV's action was not infirm for the reason that the code section to which Hamilton pleaded guilty did not specify that the violation occurred in a commercial vehicle. The DMV had the authority to review all of the records from the convicting court in determining whether the vehicle was a commercial one for the purposes of applying sections 13352 and 15300.[3]

---

[2]Section 15300 was added in 1988. (Stats. 1988, ch. 1509, § 9, p. 5362.) The commercial penalty which appears in section 23152(d) was added in 1989 and made operative on January 1, 1992. (Stats. 1989, ch. 1114, § 25, p. 4079.)

[3]The California Supreme Court has held that a driver who has had his license suspended under the mandatory provisions of the Vehicle Code may not be denied the opportunity for an administrative hearing to demonstrate that the suspension was not mandatory under the facts of his case. (*Pollack v. Department of Motor Vehicles* (1985) 38 Cal.3d 367, 380, fn. 8 [211 Cal.Rptr. 748, 696 P.2d 141].) Thus, commercial drivers who dispute the accuracy of court records or the factual basis upon which the DMV predicated mandatory disciplinary action are not without a remedy. However, Hamilton does not dispute the fact that he was driving a "commercial motor vehicle" within the meaning of section 15210 at the time he committed the instant offense.

II

*Application of Section 15300, Subdivision (a)(1) to Hamilton's Conviction*

Although we have determined that the DMV had jurisdiction to determine that the vehicle operated by Hamilton was a commercial one in taking the administrative action it did, this conclusion does not complete our inquiry.

■ We asked the parties to submit supplemental briefing on whether the DMV had jurisdiction to impose the one-year suspension prescribed by section 15300, subdivision (a)(1), based on a conviction of section 23152, subdivision (b) (driving a vehicle with a .08 percent BAC), where that offense lacks the element that the driver be *"under the influence"* of alcohol at the time of the violation. For the reasons which follow, we conclude the answer is no.

■ We start with the principle that the burden of proving facts necessary to support the suspension of a license rests with DMV. (*McNary v. Department of Motor Vehicles* (1996) 45 Cal.App.4th 688, 693 [53 Cal.Rptr.2d 55].)

Section 15300, subdivision (a)(1) was the sole statutory authority under which the DMV acted to suspend Hamilton's commercial driving privilege. That section states: "No driver of a commercial motor vehicle may operate a commercial motor vehicle for a period of one year *if the driver is convicted of* a first violation of any of the following: [¶] (1) Driving a commercial motor vehicle while *under the influence of alcohol . . . .*" (Italics added.)

■ "Driving while under the influence of alcohol" (DUI), which is prohibited by section 23152, subdivision (a), is defined in the following terms: " 'A person is [under the influence of an alcoholic beverage] . . . when as a result of [drinking such alcoholic beverage] . . . [his] [her] physical or mental abilities are impaired to such a degree that [he] [she] *no longer has the ability to drive a vehicle with the caution characteristic of a sober person* of ordinary prudence under the same or similar circumstances.' " (*McDonald v. Department of Motor Vehicles* (2000) 77 Cal.App.4th 677, 686 [91 Cal.Rptr.2d 826], citing CALJIC No. 16.831, italics added.) In a DUI prosecution, the question whether a person was under the influence of an intoxicating liquor is one of fact to be determined by the court or jury from all the circumstances of the case. (*McDonald, supra,* at p. 687, citing *People v. Weathington* (1991) 231 Cal.App.3d 69, 81 [282 Cal.Rptr. 170].)

■ Hamilton, however, was never convicted of DUI. Instead, his conviction was for violating section 23152, subdivision (b), which states: "It is

unlawful for any person who *has 0.08 percent or more,* by weight, of alcohol in his or her blood to drive a vehicle." (Italics added.) This section is not interchangeable with DUI, nor does it establish a conclusive presumption that a defendant was driving under the influence of alcohol. (*People v. Ireland* (1995) 33 Cal.App.4th 680, 695 [39 Cal.Rptr.2d 870].) Instead, it defines and "establishes a new and separate offense" (*Burg, supra,* 35 Cal.3d at p. 265), that of driving with a specified breath-test reading. (*People v. Bransford* (1994) 8 Cal.4th 885, 890 [35 Cal.Rptr.2d 613, 884 P.2d 70].)

Of crucial importance here is that to obtain a conviction under section 23152, subdivision (b), the prosecution has no burden to prove that the defendant's driving ability was impaired. The trier of fact need not determine whether a defendant was "driving under the influence," only whether he had the specified BAC level. (*Burg, supra,* 35 Cal.3d at p. 265.) A conviction for driving with a .08 percent BAC level thus neither entails nor requires a finding of impairment. (See 1 Kuwatch, Cal. Drunk Driving Law (18th ed. 2001) § 1, p. 1-1.)

By the time section 15300 was enacted in 1988, the Legislature had already made driving with a minimum BAC level a separate and distinct crime from DUI, while retaining the old DUI statute. (*Burg, supra,* 35 Cal.3d at p. 264.) It must be presumed that the Legislature was aware of the distinction between the two offenses. (*Florence Western Medical Clinic v. Bontá* (2000) 77 Cal.App.4th 493, 500 [91 Cal.Rptr.2d 609].)[4] Had the Legislature intended to impose the one-year penalty on the operator of a commercial vehicle who drove with a specified BAC level, it could easily have so stated. Yet section 15300 plainly requires that the one-year commercial penalty be based on a conviction of driving "under the influence."

Nor do we have the power to expand the administrative penalty set forth in section 15300 to include convictions which are not therein specified. "*Expressio unius est exclusio alterius.* The expression of some things in a statute necessarily means the exclusion of other things not expressed."

---

[4]In fact, the Legislature has expressly stated that it comprehends the distinction between DUI and driving with a specified BAC level. Section 1804, subdivision (c), which requires court clerks to transmit records of BAC percentages to the DMV, recites: "The Legislature finds and declares that blood-alcohol percentages have valuable research potential in providing statistical summary information on impaired drivers but that a specific blood-alcohol percentage is only an item of evidence for purposes of criminal and licensing sanctions imposed by law. The Legislature *recognizes that the accuracy of the determination of a specific blood-alcohol percentage is not the critical determination in a conviction for driving under the influenc*e *of an alcoholic beverage* if the blood-alcohol percentage exceeds the statutory amount." (Italics added.)

(*Gikas v. Zolin* (1993) 6 Cal.4th 841, 852 [25 Cal.Rptr.2d 500, 863 P.2d 745].)[5]

In its supplemental letter brief, the DMV tries to blur the distinction between DUI and driving with a .08 percent BAC level by citing excerpts from selected appellate opinions which "frequently describe arrests as generally for 'driving under the influence' and which include both or either section[] 23152(a) and (b)." It also notes that drivers are commonly stopped or arrested for DUI and later charged with violating either section 23152, subdivision (a) or (b), "according to the evidence against them."

These arguments miss the point. By its plain language, section 15300 is triggered by a *conviction*, not an arrest. For purposes of the one-year penalty, the Vehicle Code section under which the defendant is cited or arrested is irrelevant. And as we have seen, convictions under section 23152, subdivision (a) and 23152, subdivision (b) are separate crimes requiring different levels of proof.

The DMV's citation to section 23610, subdivision (a)(3), which establishes a *rebuttable* presumption in a DUI prosecution, that a person with a .08 percent BAC is "under the influence" of alcohol,[6] only highlights the illogic of its position. That the presumption is rebuttable means "there is a further burden placed upon the party adversely affected by the burden to go forward with sufficient proof to defeat the presumption." (*People v. Gallardo* (1994) 22 Cal.App.4th 489, 496 [27 Cal.Rptr.2d 502], interpreting predecessor statute, former section 23155.)

But section 15300, subdivision (a)(1) does not allow an opportunity for a party saddled with the presumption to put on rebuttal evidence: the penalty is triggered automatically, without the benefit of a hearing, by the DMV's receipt of the record of conviction. By imposing the one-year penalty for a

---

[5]There may be sound policy reasons why the Legislature chose to require a DUI offense rather than a BAC percentage conviction to trigger the commercial penalty. For example, " '[t]he Legislature may reasonably have concluded that the holders of commercial licenses as a group depend more upon those licenses for their employment and economic survival than do the holders of noncommercial licenses, . . .' " (*Murphy, supra,* 1 Cal.App.4th at p. 696, quoting *Peretto v. Department of Motor Vehicles* (1991) 235 Cal.App.3d 449, 458 [1 Cal.Rptr.2d 392].)

[6]Section 23610 states, in pertinent part, "(a) Upon the *trial of any criminal action,* . . . arising out of acts *alleged to have been committed by any person while driving a vehicle while under the influence* of an alcoholic beverage in *violation of subdivision (a)* of Section 23152 . . . the amount of alcohol in the person's blood at the time of the test as shown by chemical analysis of that person's blood, breath, or urine shall give rise to the following presumptions affecting the burden of proof: [¶] . . . [¶] (3) If there was at that time 0.08 percent or more, by weight, of alcohol in the person's blood, it shall be presumed that the person was under the influence of an alcoholic beverage at the time of the alleged offense." (Italics added.)

.08 percent BAC conviction, the DMV has effectively converted a rebuttable presumption into a conclusive one, depriving Hamilton of the most elementary elements of procedural due process. Because statutes are to be construed, if reasonably possible, in a manner which avoids rendering them unconstitutional (*Tuffli v. Governing Board* (1994) 30 Cal.App.4th 1398, 1404 [36 Cal.Rptr.2d 433]), section 23610 only reinforces our view that the one-year penalty was intended to apply exclusively to DUI convictions.

## CONCLUSION

We conclude the one-year commercial disqualification imposed by section 15300, subdivision (a)(1) requires a conviction of driving under the influence (§ 23152, subd. (a)) where the offense was committed while operating a commercial motor vehicle. Accordingly, the DMV overstepped its statutory authority by imposing the one-year penalty specified in section 15300 for a conviction of driving with a BAC of .08 percent (§ 23152, subd. (b)), which is not synonymous with, and in fact requires a lesser quantum of proof than driving under the influence of alcohol.

█ " 'To be valid, administrative action must be within the scope of authority conferred by the enabling statutes. . . .' . . . 'If the court determines that a challenged administrative action was not authorized by or is inconsistent with acts of the Legislature, that action is void.' " (*US Ecology, Inc. v. State of California* (2001) ·92 Cal.App.4th 113, 131-132 [111 Cal.Rptr.2d 689].)

█ The DMV's administrative action against Hamilton's commercial license was invalid. The trial court erred in denying the petition for writ of mandate.

## DISPOSITION

The judgment is reversed. The cause is remanded with directions to issue a peremptory writ of mandate commanding the DMV to set aside its suspension order. Hamilton shall recover costs.

Davis, Acting P. J., and Raye, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 19, 2003. Chin, J., and Moreno, J., were of the opinion that the petition should be granted.