Filed 10/20/14

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,        )
             )
    Plaintiff and Respondent,   )
             )      S207830
     v.           )
             )    Ct.App. 4/1 D059713
RAMON FULGENCIO GONZALEZ,   )
             )     San Diego County
    Defendant and Appellant.   )   Super. Ct. No. SCD 228173
_____ )

In this case we are asked to decide whether a defendant may, consistently with Penal Code section 954,[1] be convicted of both oral copulation of an unconscious person (§ 288a, subd. (f)) and oral copulation of an intoxicated person (*id.*, subd. (i)) based on the same act. The Court of Appeal understood our decision in *People v. Craig* (1941) 17 Cal.2d 453 (*Craig*) as precluding multiple convictions in these circumstances and vacated defendant's conviction for oral copulation of an intoxicated person. We conclude that *Craig* is distinguishable, the two statutory subdivisions at issue here describe different offenses, and defendant may properly be convicted of, although not punished for, both. (§ 654; see *People v. Vargas* (2014) 59 Cal.4th 635, 637 [multiple prior convictions arising out of a single act against a single victim cannot constitute multiple strikes under "Three Strikes" law].) We therefore reverse the judgment.

---

[1]   Further statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

In the early evening of June 25, 2010, defendant Ramon Fulgencio Gonzalez and the victim, Carolyn H., were on the sidewalk near the intersection of 16th Street and Island Avenue in San Diego. Carolyn, who had passed out after having drunk a pint of vodka, lay with her head near defendant's lap. Witnesses saw defendant moving Carolyn's head up and down with one hand while his penis was in her mouth. A police officer arrived on the scene and confronted defendant, who put his penis back in his pants and tried to zip them. When the officer pulled defendant away from Carolyn, who was unconscious, her head hit the concrete. The officer handcuffed defendant, and paramedics transported Carolyn to a hospital.

An information charged defendant with, among other things and as relevant here, oral copulation of an unconscious person in violation of section 288a, subdivision (f) (count 1), and oral copulation of an intoxicated person in violation of section 288a, subdivision (i) (count 2), based on the same act. A jury convicted him of both charges. On count 1 the trial court sentenced defendant to the low term of three years, and on count 2 the court imposed but stayed execution of sentence pursuant to section 654. On appeal, citing this court's decision in *Craig*, *supra*, 17 Cal.2d 453, defendant argued his convictions on counts 1 and 2 could not both stand because he had committed a single act of oral copulation. A majority of the Court of Appeal agreed and vacated the conviction on count 2, reasoning subdivisions (f) and (i) of section 288a delineate different circumstances under which the statute may be violated but do not set forth distinct offenses of which defendant could be convicted. A dissenting justice contended (1) that *Craig* does not apply when, as in this case, a defendant is charged and convicted under two provisions of section 288a that require proof of different elements and prescribe separate punishments, and (2) that the only exception to the rule that

2

multiple convictions may arise out of the same act—that a defendant may not be convicted of both greater and lesser included offenses—is not implicated here. We granted the People's petition for review.

## ANALYSIS

As relevant here, section 954 provides: "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts . . . .  The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged . . . ."  We have repeatedly held that the same act can support multiple charges and multiple convictions.  "Unless one offense is necessarily included in the other [citation], multiple convictions can be based upon a single criminal act or an indivisible course of criminal conduct (§ 954)."  (*People v. Benavides* (2005) 35 Cal.4th 69, 97.)  Section 954 thus concerns the propriety of multiple convictions, not multiple punishments, which are governed by section 654.

The People contend that both of defendant's convictions are proper because subdivisions (f) and (i) of section 288a define different offenses, neither of which is included in the other, and that section 954 permits conviction of different statements of the same offense in any event.  Defendant contends the subdivisions of section 288a set forth not different offenses but merely different ways of committing criminal oral copulation, and section 954 does not permit conviction of different statements of the same offense.  Because we conclude that the subdivisions of section 288a describe different offenses, we need not determine whether section 954 allows conviction of different statements of the same offense.

"In California all crimes are statutory and there are no common law crimes. Only the Legislature and not the courts may make conduct criminal." (*In re*

3

*Brown* (1973) 9 Cal.3d 612, 624; see *People v. Chun* (2009) 45 Cal.4th 1172, 1183; § 6.)  It follows that the determination whether subdivisions (f) and (i) of section 288a define different offenses or merely describe different ways of committing the same offense properly turns on the Legislature's intent in enacting these provisions, and if the Legislature meant to define only one offense, we may not turn it into two.

In addressing this question, " '[w]e begin by examining the statute's words, giving them a plain and commonsense meaning.  [Citation.]  We do not, however, consider the statutory language "in isolation."  [Citation.]  Rather, we look to "the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . .  [Citation.]"  [Citation.]  That is, we construe the words in question " 'in context, keeping in mind the nature and obvious purpose of the statute . . . .'  [Citation.]"  [Citation.]  We must harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole." ' "  (*People v. Acosta* (2002) 29 Cal.4th 105, 112.)  "If, however, the statutory language is susceptible of more than one reasonable construction, we can look to legislative history in aid of ascertaining legislative intent."  (*People v. Robles* (2000) 23 Cal.4th 1106, 1111.)

Subdivision (a) of section 288a defines oral copulation as "the act of copulating the mouth of one person with the sexual organ or anus of another person."  Subdivision (f) provides:  "Any person who commits an act of oral copulation, and the victim is at the time unconscious of the nature of the act and this is known to the person committing the act, shall be punished by imprisonment in the state prison for a period of three, six, or eight years.  As used in this subdivision, 'unconscious of the nature of the act' means incapable of resisting because the victim meets one of the following conditions:  [¶] (1) Was unconscious or asleep.  [¶] (2) Was not aware, knowing, perceiving, or cognizant

4

that the act occurred. [¶] (3) Was not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraud in fact. [¶] (4) Was not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraudulent representation that the oral copulation served a professional purpose when it served no professional purpose." Subdivision (i) provides: "Any person who commits an act of oral copulation, where the victim is prevented from resisting by any intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused, shall be punished by imprisonment in the state prison for a period of three, six, or eight years."

In concluding subdivisions (f) and (i) of section 288a set forth different circumstances under which the same offense of oral copulation can be committed, the Court of Appeal relied largely on the reasoning of our decision in *Craig*, *supra*, 17 Cal.2d 453, and the People devote most of their opening brief in this court to the argument that *Craig* was wrongly decided and should be overruled. As we shall demonstrate, *Craig* is distinguishable.

The defendant in *Craig*, *supra*, 17 Cal.2d at page 453, was found guilty of two counts of rape based on a single act of intercourse committed without the consent and against the will of a 16-year-old girl. The first count alleged the rape was committed with force and violence, in violation of former section 261, subdivision 3. The second count, after alleging that it was " 'a different statement of the same offense' " (*Craig*, at p. 454) charged statutory rape of a child below the age of consent, in violation of former section 261, subdivision 1. This court held that "[u]nder this section, but one punishable offense of rape results from a single act of intercourse, although that act may be accomplished under more than one of the conditions or circumstances specified in the foregoing subdivisions. These subdivisions merely define the circumstances under which an act of

5

intercourse may be deemed an act of rape; they are not to be construed as creating several offenses of rape based upon that single act." (*Craig*, at p. 455.)

*Craig* did not hold that a single Penal Code section could never comprise multiple offenses; it simply concluded, based on the wording and structure of the statute, that former section 261 set forth only one offense that could be committed under several different circumstances, as described in its several subdivisions.[2] This conclusion flowed naturally from the wording and structure of former section 261. Indeed, *Craig* acknowledged that " '[a] defendant may be convicted of two separate offenses arising out of the same transaction when each offense is stated in a separate count and when the two offenses differ in their necessary elements and one is not included *within the other*.' " (*Craig*, *supra*, 17 Cal.2d at p. 457.)

Here, the information charged defendant with violation of section 288a, subdivision (f) in count 1 and of section 288a, subdivision (i) in count 2. These offenses differ in their necessary elements—an act of oral copulation may be committed with a person who is unconscious but not intoxicated, and also with a person who is intoxicated but not unconscious—and neither offense is included

---

**2**      At the time *Craig* was decided, former section 261 read in full as follows: "Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the following circumstances: [¶] 1. Where the female is under the age of eighteen years; [¶] 2. Where she is incapable, through lunacy or other unsoundness of mind, whether temporary or permanent, of giving legal consent; [¶] 3. Where she resists, but her resistance is overcome by force or violence; [¶] 4. Where she is prevented from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution, or by any intoxicating narcotic, or anesthetic, substance, administered by or with the privity of the accused; [¶] 5. Where she is at the time unconscious of the nature of the act, and this is known to the accused; [¶] 6. Where she submits under the belief that the person committing the act is her husband, and this belief is induced by any artifice, pretense, or concealment [practiced] by the accused, with intent to induce such belief." (As amended by Stats. 1913, ch. 122, § 1, p. 212.)

within the other. (Cf. *Blockburger v. United States* (1932) 284 U.S. 299, 304 ["where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."].)

Section 288a is textually and structurally different from former section 261. Subdivision (a) of section 288a defines what conduct constitutes the act of oral copulation. Thereafter, subdivisions (b) through (k) define various ways the act may be criminal. Each subdivision sets forth all the elements of a crime, and each prescribes a specific punishment. Not all of these punishments are the same. That each subdivision of section 288a was drafted to be self-contained supports the view that each describes an independent offense, and therefore section 954 is no impediment to a defendant's conviction under more than one such subdivision for a single act.

Given these differences between section 288a and former section 261, and in view of the legislative recasting, subsequent to *Craig*, of former section 261 into separate statutes prohibiting rape and unlawful intercourse with a minor (§§ 261 and 261.5, respectively), we need not address the People's remaining criticisms of *Craig*, *supra*, 17 Cal.2d 453. Nor, as indicated, need we address whether section 954 allows conviction of different statements of the same offense.

Lastly, defendant contends that the determinative factor, when the criminal conduct is not clearly divisible as multiple distinct acts, is whether the charged offenses were all committed with the same criminal intent and objective. We are not persuaded. Defendant's "single objective" rationale is not supported by the broad language of section 954. Moreover, none of the cases defendant cites stands for the proposition that the existence of distinct criminal intents is a prerequisite to

multiple convictions; rather, all involve offenses defined by different statutes with distinct mental state requirements.[3]

## DISPOSITION

The judgment of the Court of Appeal is reversed and the case is remanded to the Court of Appeal for further proceedings consistent with this opinion.

**WERDEGAR, J.**


**WE CONCUR:**


**CANTIL-SAKAUYE, C. J.**
**BAXTER, J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**NEEDHAM, J.**[*]

---

[3] See *People v. Benavides, supra,* 35 Cal.4th 69, 98 (lewd acts on a child and rape and sodomy); *People v. Ortega* (1998) 19 Cal.4th 686, 693 (carjacking and grand theft); *People v. Pearson* (1986) 42 Cal.3d 351, 355–356 (sodomy and lewd conduct).

[*] Associate Justice of the Court of Appeal, First Appellate District, Division Five, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Gonzalez
_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 211 Cal.App.4th 405
**Rehearing Granted**


_____

**Opinion No.** S207830
**Date Filed:** October 20, 2014
_____

**Court:** Superior
**County:** San Diego
**Judge:** Roger W. Krauel


_____

**Counsel:**

Raymond M. DiGuiseppe, under appointment by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor, James D. Dutton, Steven T. Oetting and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Raymond M. DiGuiseppe
Post Office Box 10790
Southport, North Carolina 28461
(910) 713-8804

Meredith S. White
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
(619) 645-2297