Filed 8/31/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES WILLIAM GRABHAM, JR.,<br><br>    Defendant and Appellant. | A160384<br><br>(Sonoma County Super. Ct. No. SCR731481) |

A jury convicted defendant James William Grabham, Jr. of violating Vehicle Code[1] section 23152, subdivision (a) (section 23152(a)) and section 23152, subdivision (b) (section 23152(b)). Defendant argues that section 23152(a) and (b) are different statements of the same offense and Penal Code section 954 therefore requires vacatur of one of his convictions. As have other courts, we conclude that section 23152(a) and (b) are separate offenses and defendant may properly be convicted of both. Accordingly, we will affirm the judgment.

## BACKGROUND

On September 21, 2019, California Highway Patrol Officers Herve and Bethay passed a pickup truck and saw the driver,

---

[1] All further statutory references are to the Vehicle Code unless otherwise stated.

1

defendant, looking down at his cellphone. When Officer Herve slowed his vehicle and began to follow defendant, he noticed defendant's vehicle registration had expired. Officer Bethay, who sat in the passenger seat, confirmed the expiration. Although Officer Herve had not noticed any signs of impaired driving, he initiated a traffic stop due to defendant's cellphone use and expired registration.[2]

Officer Herve approached defendant's truck on the passenger side and saw a 12-pack of beer on the bench seat. Officer Herve smelled alcohol coming from the truck and noticed defendant's eyes were red and watery, both signs that a person may be intoxicated. Defendant also slurred his speech and struggled to follow directions, so Officer Herve decided to conduct a full DUI investigation.

Defendant's performance in several field sobriety tests indicated he was under the influence of alcohol. Officer Herve then arrested defendant and administered a breath test. The first test reported a blood alcohol content (BAC) of 0.12, and the second test reported a BAC of 0.11. Officer Herve testified that defendant was "definitely too impaired to drive and continue driving."

Samantha Evans, a criminalist with the California Department of Justice, gave expert testimony on the effects of alcohol on the human body. Evans stated her opinion as follows:

---

[2] After watching a video of the incident during trial, Officer Herve testified that defendant may have been swerving and driving on the white line.

2

"At an alcohol level of a .12 or .11, I would say somebody is too impaired to operate a motor vehicle safely." When asked whether there was a "generally accepted" level at which someone would be too impaired to operate a motor vehicle, Evans testified that "in [her] opinion" someone would be "too impaired to operate a motor vehicle safely at an alcohol level of .08 percent and higher." However, she explained that a person who had developed a tolerance to alcohol can learn to mask outward signs of physical impairment from alcohol consumption.

A jury found defendant guilty of driving under the influence (DUI) of an alcoholic beverage (§ 23152(a)) and driving with a 0.08 BAC (§ 23152(b)). After defendant waived his right to a jury trial on his prior conviction, the court found the enhancement allegations under section 23550.5 to be true. The court sentenced defendant to three years in state prison but suspended execution of the sentence. Defendant was instead placed on three years of probation on the condition that he participate in a residential treatment program.

Defendant filed a timely notice of appeal.

### DISCUSSION

Contending that section 23152(a) and section 23152(b) constitute a single offense, defendant asks us to vacate one of his convictions pursuant to Penal Code section 954. *People v. Subramani* (1985) 173 Cal.App.3d 1106 (*Subramani*) and *People v. Duarte* (1984) 161 Cal.App.3d 438 (*Duarte*) addressed subdivisions (a) and (b) of section 23153, a nearly identical statute providing the felony counterpart to section 23152, and

3

both courts held that section 23153, subdivisions (a) and (b) describe separate offenses. As *Subramani* and *Duarte* foreclose defendant's argument, he asks us to reconsider those authorities in light of recent Supreme Court decisions discussing Penal Code section 954's prohibition on multiple convictions for the same offense in other statutory contexts. For the reasons set forth below, we conclude that the Supreme Court authorities cited by defendant do not support his contention that section 23152(a) and section 23152(b) constitute the same offense.

## I. Governing Legal Principles

### A. *Section 23152*

Section 23152(a) makes it unlawful for "a person who is under the influence of any alcoholic beverage to drive a vehicle." Under this provision, the People must prove that: "(1) a person, (2) while under the influence of alcohol, (3) drove a vehicle." (*People v. McNorton* (2001) 91 Cal.App.4th Supp. 1, 5 (*McNorton*); CALCRIM No. 2110.) A person is "under the influence" of alcohol when he or she " 'no longer has the ability to drive a vehicle with the caution characteristic of a sober person of ordinary prudence under the same or similar circumstances.' " (*People v. Weathington* (1991) 231 Cal.App.3d 69, 78. Section 23152(b) makes it unlawful for "a person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle." Under this provision, the People must prove that: (1) the defendant drove a vehicle; and (2) when the defendant drove the vehicle, his or her BAC was 0.08 percent or more. (CALCRIM No. 2111; see *McNorton*, *supra*, 91 Cal.App.4th at p. Supp. 5.)

4

### B. Penal Code Section 954

Penal Code section 954 provides in relevant part, "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts . . . . The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged."

The California Supreme Court has repeatedly held that a single act can support multiple charges and multiple convictions. (*People v. White* (2017) 2 Cal.5th 349, 354 (*White*); *People v. Vidana* (2016) 1 Cal.5th 632, 637 (*Vidana*); *People v. Sanders* (2012) 55 Cal.4th 731, 736.) Penal Code section 954, however, prohibits "multiple convictions for a different statement of the same offense when it is based on the same act or course of conduct." (*Vidana*, at p. 650; see *id.* at pp. 637, 647 [section 954 prohibits convictions for both grand theft by larceny and embezzlement based on the same course of conduct because they constitute different statements of the same offense of theft].)[3]

Whether two statues or statutory provisions describe the same offense "turns on the Legislature's intent in enacting [the]

---

[3] In addition, although multiple convictions may be based upon a single criminal act or indivisible course of conduct, section 954 prohibits multiple convictions when "one offense is necessarily included in the other." (*People v. Benavides* (2005) 35 Cal.4th 69, 97.) Grabham does not argue that either of his section 23152 convictions is necessarily included in the other.

5

provisions, and if the Legislature meant to define only one offense, we may not turn it into two." (*People v. Gonzalez* (2014) 60 Cal.4th 533, 537 (*Gonzalez*).)  The language of a statute provides the best evidence of statutory intent, but we do not consider this language in isolation.  (*Ibid.*)  We look instead "to the entire substance of the statute . . . to determine the scope and purpose of the provision at issue."  (*Ibid.*)  "We must harmonize " . . . parts of a statutory enactment . . . by considering the particular clause or section 'at issue' in the context of the statutory framework as a whole."  (*Ibid.*)  Where " 'the statutory language is susceptible of more than one reasonable construction, we can look to legislative history in aid of ascertaining legislative intent.' "  (*Id.* at pp. 537–538.)

### C. Burg, Subramani, and Duarte

In *Burg v. Municipal Court* (1983) 35 Cal.3d 257, 261 (*Burg*), the main authority relied on by *Subramani* and *Duarte* to support their conclusions that subdivisions (a) and (b) of section 23153 are separate crimes, the California Supreme Court held that section 23152(b) gave constitutionally adequate notice of the conduct it prohibits.  In the course of so holding, the Court summarized the historical context leading to the enactment of section 23152(b).  (*Id.* at pp. 262–265.)  Prior to the enactment of subdivision (b), California criminalized only " 'driving under the influence,' " a prohibition fortified by a rebuttable presumption that a driver was "under the influence" with a BAC of 0.10 or

higher.[4]  (*Id.* at p. 263.)  Under this subjective standard of intoxication, however, many defendants were escaping criminal liability by raising doubts as to whether they were in fact "under the influence," notwithstanding a high BAC, because conviction required a showing that alcohol had " 'so far affected the nervous system, the brain, or muscles as to impair to an appreciable degree the ability to operate a vehicle in a manner like that of an ordinarily prudent and cautious person in full possession of his faculties.' "  (*Id.* at p. 264.)  The Legislature therefore enacted section 23152(b) "[i]n an attempt to address the continuing threat to public safety posed by drinking drivers."  (*Ibid.*)  In contrast to the originally-enacted " 'driving under the influence' " charge under section 23152(a), no proof of the defendant's subjective state of intoxication is necessary to convict a defendant under section 23152(b).  (*Id.* at p. 263.)  Instead, a conviction under section 21352(b) requires only proof that the defendant drove with a BAC above the statutory limit.  (§ 23152, subd. (b); *Hamilton v. Gourley* (2002) 103 Cal.App.4th 351, 360–361, 363 (*Hamilton*) [relying on *Burg* to hold that section 23152(b) "is not synonymous with, and in fact requires a lesser quantum of proof than driving under the influence of alcohol"].)  Section 23152(b) thus "represent[ed] a legislative determination that public safety is endangered when a person drives a motor vehicle while having a specified percentage . . . or more by weight of alcohol in his

---

[4] Section 23152(b) has since been amended to lower the BAC required for a conviction to 0.08.  (Stats. 1990, ch. 708, § 1, eff.  Jan. 1, 1991; see *McKinney v. Department of Motor Vehicles* (1992) 5 Cal.App.4th 519, 526, fn. 6.)

blood," regardless of whether the driver was "in fact under the influence." (*Burg, supra*, 35 Cal.3d at pp. 264, 265.)

Citing *Wallace v. Municipal Court* (1983) 140 Cal.App.3d 100, 108 (*Wallace*), *Burg* explained that section 23152(b) "establishe[d] a *new and separate offense*." (*Burg, supra*, 35 Cal.3d at p. 265, italics added.) In *Wallace*, the question was whether section 23152(a) and section 23152(b) were different offenses for purposes of Penal Code section 853.6, subdivision (e)(3), which bars prosecution of a misdemeanor charged in a notice to appear if the prosecution fails to file the notice to appear or formal complaint within 25 days of arrest. (*Wallace*, at p. 104.) The court held the two subdivisions are not the same offense, explaining that section 23152(b) has a distinct "essence" from section 23152(a) because "a driver with a blood-alcohol level of 0.10 percent or more commits an offense under [23152(b)], even though he may have the ability to drive his vehicle with the caution characteristic of a sober person." (*Wallace*, at p. 109.)

Following *Burg*, *Subramani* and *Duarte* held that subdivisions (a) and (b) of section 23153 describe separate offenses.[5] Both courts recognized that the criminal act of driving

---

[5] As previously noted, section 23153 is the felony counterpart to section 23152. (*Subramani, supra*, 173 Cal.App.3d at p. 1111.) Section 23153 provides, in relevant part, "(a) It is unlawful for a person, while under the influence of any alcoholic beverage, to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver. [¶] (b) It is unlawful for a person, while having 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle and

8

with a blood alcohol level of 0.10 percent or greater is not an alternative definition of "driving under the influence[,]" and that neither subdivision of section 23153 is a lesser included offense of the other. (*Subramani*, *supra*, 173 Cal.App.3d at p. 1111; *Duarte*, *supra*, 161 Cal.App.3d at p. 446.) Dual convictions, the courts held, are therefore "both possible and proper." (*Duarte*, at p. 446; see *Subramani*, at p. 1111.)

## II. Recent Supreme Court Authority on Section 954

### A. *People v. Gonzalez*

In *Gonzalez*, our Supreme Court considered whether oral copulation of an unconscious person (Pen. Code, § 288a, subd. (f))[6] and oral copulation of an intoxicated person (*id.*, subd. (i)) describe two statements of the same offense or two separate offenses for purposes of Penal Code section 954. (*Gonzalez*, *supra*, 60 Cal.4th at p. 535.) Relying on the text of the statute, the Court held that the two subdivisions constitute separate offenses. (*Id.* at p. 539.) The Court first noted that the subdivisions "differ in their necessary elements–an act of oral copulation may be committed with a person who is unconscious but not intoxicated, and also with a person who is intoxicated but not unconscious–and neither offense is included within the other." (*Ibid*.) The Court further reasoned that the subdivisions

---

concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."

[6] Penal Code section 288a has since been renumbered to section 287. (Stats. 2018, ch. 423, § 49, eff. Jan. 1, 2019.)

9

describe separate offenses because each subdivision sets forth distinct elements and prescribes specific punishments, explaining: "That each subdivision of section 288a was drafted to be self-contained supports the view that each describes an independent offense." (*Ibid.*)

### B. People v. Vidana

Subsequently, in *Vidana*, our Supreme Court held that larceny under Penal Code section 484, subdivision(a) and embezzlement under Penal Code section 503 describe a single theft offense such that Vidana could not be convicted of both under Penal Code section 954. (*Vidana*, *supra*, 1 Cal.5th at pp. 647–648.) The Court explained that although "[l]arceny and embezzlement have different elements and neither is a lesser included offense of the other," these factors "do not definitely resolve whether larceny and embezzlement are a single offense." (*Id.* at p. 648.) In reaching its decision, the Court relied heavily on the historical context and legislative history of relevant statutory amendments, emphasizing that the Legislature had sought to eliminate the " 'arbitrary distinctions' " between larceny, embezzlement, and obtaining property under false pretenses that made it difficult to determine which crime a defendant had committed. (*Id.* at pp. 639, 648–649.) The Court explained: "California reduced its problems with pleading and proving" these crimes through " 'consolidat[ing] . . . larceny, embezzlement and obtaining property under false pretenses, into one crime, designated as theft.' " (*Id.* at p. 648.) In addition to this clear expression of legislative intent to consolidate the

10

various statutes into a single theft offense, the Court reasoned that larceny and embezzlement were alternative theories of liability for the same offense because a jury could convict a defendant of theft without unanimously agreeing on the method (larceny, embezzlement, or obtaining property under false pretenses) by which the theft was committed. (*Id.* at p. 643.) Finally, the Court observed that the identical punishments for larceny and embezzlement suggested that the two statutes are different statements of the same offense. (*Id.* at p. 648.)

### C. *People v. White*

In *White*, our Supreme Court followed the reasoning of *Gonzalez* to hold that rape of an intoxicated person (Pen. Code, § 261, subd. (a)(3)) and rape of an unconscious person (*id.*, subd. (a)(4)(A)) are separate offenses for purposes of Penal Code section 954. (*White, supra*, 2 Cal.5th at p. 353.) The Court recognized that, in contrast to the self-contained subdivisions of Penal Code section 288a at issue in *Gonzalez*, the relevant subdivisions in Penal Code section 261 are not self-contained, in that subdivision (a) of section 261 "defines and uses the word '[r]ape' but once," with the subsequent subdivisions "not repeat[ing] the word 'rape' " and instead "refer[ring] back to that original definition." (*Id.* at p. 357.) Despite the fact that the rape statute, unlike the oral copulation statute, is not self-contained, the Court held that rape of an intoxicated person and rape of an unconscious person constitute separate offenses in light of legislative history indicating that major sex crimes should be interpreted similarly to each other. (*Id.* at pp. 357, 359 [noting

11

that a 1986 bill "conform[ed] the criteria used to determine the commission of each of the four major sex offenses: rape, sodomy, oral copulation, and foreign object rape; thus, the elements of these crimes . . . would be consistent"].)  The Court found that "[t]he intent to achieve conformity" among the major sex offenses "strongly indicates a legislative intent that rape be treated similarly to the other sex crimes" for purposes of Penal Code section 954.  (*Id.* at p. 359.)  The Court saw "no suggestion that the Legislature intended, and no reason it might have intended, a different rule" for rape than for oral copulation.  (*Id.* at p. 357.)

Additionally, "[w]hat [was] said in *Gonzalez* [citation] about the elements of the two forms of oral copulation being different applies equally to the two forms of rape.  An act of rape 'may be committed with a person who is unconscious but not intoxicated, and also with a person who is intoxicated but not unconscious[;] neither offense is included within the other.' "  (*White*, *supra*, 2 Cal.5th at p. 358.)  Different sentencing consequences for some, but not all, forms of rape also supported the view that subdivisions (a)(3) and (a)(4)(A) of Penal Code section 261 are separate offenses.  (*White,* at p. 358.)

## III.   Section 23152(a) and Section 23152(b) Are Not the Same Offense

Defendant asks us to reject *Subramani* and *Duarte* in light of *Gonzalez*, *Vidana*, and *White*.  We decline to do so.

### A. Statutory Text and Structure

Defendant first argues that, unlike in *Gonzalez* where the court held that self-contained subdivisions prohibiting oral

12

copulation of an intoxicated person and oral copulation of an unconscious person describe separate offenses, subdivisions (a) and (b) of section 23152 describe a single offense because they are not self-contained. (*Gonzalez, supra*, 60 Cal.4th at p. 539.) Although whether provisions are self-contained is a relevant consideration, it is certainly not a dispositive one. (Compare *Ibid.* [offenses at issue are self-contained and describe separate offenses] with *White, supra*, 2 Cal.5th at p. 357 [subdivisions of the rape statute were not self-contained but were nonetheless held to be separate offenses].)

Defendant seeks to distinguish this case from *White* by pointing out that the legislative history at issue in *White* suggested that the major sex crimes of oral copulation and rape were to be interpreted consistently (*White, supra*, 2 Cal.5th at p. 357) whereas there is no legislative history suggesting that section 23152 should be interpreted consistently with like provisions in the Vehicle Code that have been found to constitute separate offenses. But defendant fails to account for the statutory structure and related portions of the Vehicle Code demonstrating a clear legislative intent to treat subdivisions (a) and (b) of section 23152 as separate offenses. Section 23152(a) makes it a crime to drive under the influence of alcohol—that is, to drive while impaired. Section 23152(b), on the other hand, makes it a crime to drive with a BAC of more than 0.08. A crime under section 23152(b) can be committed without violating section 23152(a). (*Hamilton, supra,* 103 Cal.App.4th at p. 363.) Further, for crimes charged under section 23152(a), section 23610

13

also provides that a BAC of 0.08 or greater creates a rebuttable presumption that a defendant is under the influence of alcohol. (*People v. McNeal* (2009) 46 Cal.4th 1183, 1197 (*McNeal*).)  In arguing that a violation of section 23152(b) necessarily establishes a violation of section 23152(a), defendant would effectively have us "convert[] a rebuttable presumption into a conclusive one" (*Hamilton*, at p. 363), in violation of the plain language of section 23610.  Thus, the statutory text and statutory framework as a whole demonstrate the Legislature's intent to create two separate offenses with subdivisions (a) and (b) of section 23152.

Moreover, even if the statutory text "is not, by itself, [] an unambiguous expression of the Legislature's intent," we may "resort to additional material in ascertaining that intent." (*People v. Brunton* (2018) 23 Cal.App.5th 1097, 1107; *Gonzalez*, *supra*, 60 Cal.4th at p. 538 [we may consider legislative history when "the statutory language is susceptible of more than one reasonable construction"].)  The legislative history leading to the enactment of section 23152(b) indicates a recognition that improvement in adjudicating drunk driving offenses "may require an effective 'per se' law which will expedite the handling of court case loads."  (Governor's Task Force on Alcohol, Drugs, and Traffic Safety, Com. Report on Assem. Bill No. 541 (1981–1982 Reg. Sess.) Mar. 24, 1981, p.1.)  As noted by our Supreme Court, the Legislature enacted section 23152(b) in 1981 to address the "difficulties" entailed by the fact that charges of driving under the influence permitted a defendant to escape conviction by raising a

doubt as to his intoxication " 'no matter what his blood-alcohol level.' " (*McNeal, supra,* 46 Cal.4th at p. 1193; see *Burg, supra,* 35 Cal.3d at p. 263 [Legislature adopted section 23152(b) to address the problem of defendants escaping criminal liability for drunk driving by raising reasonable doubts as to whether they were driving while actually impaired].)  This history thus demonstrates the legislative intent to "create a new crime," in addition to and independent of the crime of driving under the influence set forth in section 23152 (a).  (*McNeal,* at p. 1193.)

Defendant further contends that section 23152(a) and section 23152(b) describe the same offense because the same punishment applies to both subdivisions.  (§§ 23536, 23540, 23546.)  While true, this fact does not establish that the two subdivisions describe a single offense.  In *Gonzalez*, for example, both oral copulation of an unconscious person under Penal Code section 288a, subdivision (f) and oral copulation of an intoxicated person under Penal Code section 288a, subdivision (i) prescribed the same sentence of three, six, or eight years, but the two subdivisions were nonetheless found to constitute separate offenses.  (*Gonzalez, supra,* 60 Cal.4th at p. 538.)

In fact, the differing consequences of violations of various subdivisions of section 23152 suggest that section 23152(a) and 23152(b) describe different crimes.  In *White*, for example, rape of an intoxicated person under Penal Code section 261, subdivision (a)(3) and rape of an unconscious person under Penal Code section 261, subdivision (a)(4)(A) prescribed the same sentence of three, six, or eight years.  (Pen. Code, § 264.)  However, *White*

15

observed that certain sentencing enhancements applied only to some forms of rape under Penal Code section 261, subdivision (a). (*White*, *supra*, 2 Cal.5th at p. 358 [noting that the enhancement under Penal Code section 667.5 applies only to paragraphs (2) and (6) of Penal Code section 261, subdivision (a)].) These different sentencing consequences suggested that Penal Code section 261, subdivisions (a)(3) and (a)(4)(A) described separate offenses. (*White*, at p. 358.) Although all subdivisions of section 23152 carry the same punishment under sections 23536, 23540, and 23546, the Vehicle Code establishes that commercial driving restrictions consequent to violations of section 23152 apply to convictions under subdivisions (a)–(d), but not subdivisions (e)–(g). (§§ 15300, 15302.) Similar to *White*, the Legislature's provision of differing consequences for "some, but not all" subdivisions of section 23152 suggests that the different subdivisions describe separate offenses. (*White*, at p. 358.)

### B. Expert testimony

Relying on expert testimony at his trial, defendant next asserts that section 23152(a) and section 23152(b) describe a single offense because an individual who violates section 23152(b) necessarily violates section 23152(a). This argument misses the mark.

While a conviction under section 23152(a) "requires proof that the defendant's ability to drive safely was impaired because he had consumed alcohol," a conviction under section 23152(b) requires only evidence that a defendant drove with a BAC above the statutory limit. (*McNeal*, *supra*, 46 Cal.4th at p. 1188; *Burg*,

16

*supra*, 35 Cal.3d at p. 265 ["Although under [section 23152(b)], it is no longer necessary to prove that the defendant was in fact, under the influence, the People must still prove beyond a reasonable doubt that at the time he was driving his blood alcohol exceeded 0.10 percent"].) As a result, a conviction under section 23152(b) "is not synonymous with, and in fact requires a lesser quantum of proof than driving under the influence of alcohol." (*Hamilton, supra*, 103 Cal.App.4th at p. 363.) Illustrative of this point is *People v. Bransford* (1994) 8 Cal.4th 885, 895, where a jury convicted one of the defendants of violating subdivision (b) but not subdivision (a) of section 23152.

Furthermore, defendant misconstrues the expert testimony in this case as expressing a purportedly new understanding that a 0.08 BAC is always equivalent to being "under the influence." An accurate review of the transcript reveals that the expert here merely described the "generally accepted" science relating to when a person "*may* be too impaired to operate a motor vehicle safely" and offered her personal opinion that a person is too impaired to drive with a BAC of 0.08 or higher. In any event, more than 35 years ago, *Burg* recognized the available science indicating that "any driver with 0.10 percent blood alcohol is a threat to the safety of the public and to himself," but nonetheless stated that section 23152(b) created a "new and separate offense." (*Burg, supra*, 35 Cal.3d at pp. 265, 267.)[7]

---

[7] Indeed, the facts of this case suggest that a defendant may violate section 23152, subdivision (b) without violating subdivision (a). Officer Herve initiated a traffic stop because of defendant's cellphone use and expired registration, not because

### C. Legislative Purpose

Finally, defendant asserts that the Legislature's single purpose of "banish[ing] intoxicated drivers from our highways" (*Pollack v. Department of Motor Vehicles* (1985) 38 Cal.3d 367, 374) indicates that section 23152(a) and section 23152(b) describe a single offense. He reasons that because the Legislature enacted section 23152(b) to "ma[k]e it more difficult to avoid a criminal conviction for the offense of driving under the influence" (*ibid.*), we should follow *Vidana*, where the Court found that larceny and embezzlement constitute a single offense because the Legislature consolidated the crimes for the similar purpose of preventing defendants from escaping " 'just conviction solely because of the border line distinction existing between these various crimes.' " (*Vidana*, *supra*, 1 Cal.5th at p. 642.)

Defendant fails to recognize that the Legislature effectuated this similar purpose in opposite ways. As explained in *Vidana*, the Legislature expressly stated its intent in legislative history to *combine* the pre-existing offenses of larceny and embezzlement into one crime of theft, whereas it *added* section 23152(b) to the drunk driving scheme. (*Burg*, *supra*, 35 Cal.3d at p. 264; see *Vidana*, *supra*, 1 Cal.5th at p. 648.) And unlike larceny and embezzlement, subdivisions (a) and (b) of section 23152 are not alternative theories of liability. Rather, section 23152(b) is a "new and separate offense" that has

---

he suspected defendant of driving while intoxicated. Although it turned out that defendant's BAC was above the statutory limit, Officer Herve had noticed no signs of impaired driving while following defendant.

18

different elements and that requires different (and lesser) evidence to sustain a conviction than section 23152(a). (See *Vidana, supra,* 1 Cal.5th at p. 644; *Burg, supra,* 35 Cal.3d at pp. 265–266; *Hamilton, supra,* 103 Cal.App.4th at p. 363.)[8]

## DISPOSITION

The judgment is affirmed.

BROWN, J.

WE CONCUR:

POLLAK, P. J.
STREETER, J.

*People v. Grabham* (A160384)

---

[8] Notwithstanding our conclusion that Penal Code section 954 permits Grabham to be convicted of violating both subdivisions of section 23152, Penal Code section 654 prohibits his being punished for both offenses. (*People v. Jones* (2012) 54 Cal.4th 350, 360 [section 654 prohibits multiple punishment where two convictions were based on single act].) Grabham does not argue that his sentence violates Penal Code section 654.

Trial Court:       Sonoma County Superior Court

Trial Judge:       Hon. Robert LaForge

Counsel:

Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez, Chung Mi Choi, Deputy Attorneys General for Plaintiff and Respondent.